# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF TEXAS

# AUSTIN DIVISION

|  |  |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>      Plaintiff,<br><br>    v.<br><br>INTEL CORPORATION,<br><br>      Defendant. | **Lead Case:** 1:19-cv-977-ADA<br><br>(*Consolidated for pretrial purposes only with* Nos. 6:19-cv-254-ADA, 6:19-cv-255-ADA, 6:19-cv-256-ADA)<br><br>**JURY TRIAL DEMANDED** |

### VLSI TECHNOLOGY LLC'S ANSWER TO INTEL CORPORATION'S COUNTERCLAIMS TO SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

(CASE NO. 6:19-CV-255)

# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

## AUSTIN DIVISION

VLSI TECHNOLOGY LLC,

                Plaintiff,

v.

INTEL CORPORATION,

                Defendant.

**C.A. No. 6:19-cv-255-ADA**

(*Consolidated for pretrial purposes only with* 1:19-cv-977-ADA (*Lead Case*), 6:19-cv-254-ADA, 6:19-cv-256-ADA)

**JURY TRIAL DEMANDED**

### VLSI TECHNOLOGY LLC'S ANSWER TO INTEL CORPORATION'S COUNTERCLAIMS TO SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff VLSI Technology LLC ("VLSI") hereby answers the Amended Counterclaims alleged by Defendant Intel Corporation ("Intel") in its Answer, Defenses, and Counterclaims to VLSI Technology LLC's Second Amended Complaint for Patent Infringement (Case No. 6:19-cv-00255-ADA) (D.I. 172) ("-255 Counterclaims").  To the extent not specifically admitted, all allegations in Intel's -255 Counterclaims are denied by VLSI.

### PARTIES AND JURISDICTION[1]

1.      VLSI admits on information and belief the allegations in Paragraph 1 of Intel's -255 Counterclaims.

2.      VLSI admits the allegations in Paragraph 2 of Intel's -255 Counterclaims.

---

[1]    For convenience and clarity only, VLSI herein repeats the same headings that Intel used in its -255 Counterclaims.  VLSI does not admit to the substance of, or any allegations that may purportedly be included in, Intel's headings.  Except where specifically admitted herein, VLSI denies the allegations in Intel's -255 Counterclaims.

3.      VLSI admits that Intel purports to bring an action for declaratory judgment of non-infringement and invalidity.   The remaining allegations in Paragraph 3 of Intel's -255 Counterclaims set forth conclusions of law that require no answer.  To the extent an answer is required, VLSI admits that the Court has subject-matter jurisdiction over Intel's -255 Counterclaims.   VLSI denies the remaining allegations in Paragraph 3 of Intel's -255 Counterclaims.

4.      VLSI admits that VLSI sued Intel in this Court.  The remaining allegations in Paragraph 4 of Intel's -255 Counterclaims set forth conclusions of law that require no answer.  To the extent an answer is required, VLSI admits that the Court has personal jurisdiction over VLSI and that venue is proper in this District for Intel's -255 Counterclaims.  VLSI denies the remaining allegations in Paragraph 4 of Intel's -255 Counterclaims.

## COUNT I – NON-INFRINGEMENT OF THE '522 PATENT

5.      In response to Paragraph 5 of Intel's -255 Counterclaims, VLSI repeats and realleges each of its responses to Paragraphs 1 through 4 of Intel's -255 Counterclaims.

6.      VLSI admits the allegations in Paragraph 6 of Intel's -255 Counterclaims.

7.      VLSI denies the allegations in Paragraph 7 of Intel's -255 Counterclaims.

8.      VLSI admits that there exists an actual controversy between VLSI and Intel regarding the '522 Patent.  The remaining allegations in Paragraph 8 of Intel's -255 Counterclaims set forth conclusions of law that require no answer.  To the extent an answer is required, VLSI denies the remaining allegations in Paragraph 8 of Intel's -255 Counterclaims.

9.      VLSI denies the allegations in Paragraph 9 of Intel's -255 Counterclaims.

## COUNT II – INVALIDITY OF THE '522 PATENT

10.     In response to Paragraph 10 of Intel's -255 Counterclaims, VLSI repeats and realleges each of its responses to Paragraphs 1 through 9 of Intel's -255 Counterclaims.

11.     VLSI denies the allegations in Paragraph 11 of Intel's -255 Counterclaims.

12.     VLSI admits the allegations in Paragraph 12 of Intel's -255 Counterclaims.

13.     VLSI admits that there exists an actual controversy between VLSI and Intel regarding the respective rights and duties of the parties.  The remaining allegations in Paragraph 13 of Intel's -255 Counterclaims set forth conclusions of law that require no answer.  To the extent an answer is required, VLSI denies the remaining allegations in Paragraph 13 of Intel's -255 Counterclaims.

14.     VLSI denies the allegations in Paragraph 14 of Intel's -255 Counterclaims.

## COUNT III – NON-INFRINGEMENT OF THE '187 PATENT

15.     In response to Paragraph 15 of Intel's -255 Counterclaims, VLSI repeats and realleges each of its responses to Paragraphs 1 through 14 of Intel's -255 Counterclaims.

16.     VLSI admits the allegations in Paragraph 16 of Intel's -255 Counterclaims.

17.     VLSI denies the allegations in Paragraph 17 of Intel's -255 Counterclaims.

18.     VLSI admits that there exists an actual controversy between VLSI and Intel regarding the '187 Patent.   The remaining allegations in Paragraph 18 of Intel's -255 Counterclaims set forth conclusions of law that require no answer.  To the extent an answer is required, VLSI denies the remaining allegations in Paragraph 18 of Intel's -255 Counterclaims.

19.     VLSI denies the allegations in Paragraph 19 of Intel's -255 Counterclaims.

## COUNT IV – INVALIDITY OF THE '187 PATENT

20.     In response to Paragraph 20 of Intel's -255 Counterclaims, VLSI repeats and realleges each of its responses to Paragraphs 1 through 19 of Intel's -255 Counterclaims.

21.     VLSI denies the allegations in Paragraph 21 of Intel's -255 Counterclaims.

22.     VLSI admits the allegations in Paragraph 22 of Intel's -255 Counterclaims.

23.     VLSI admits that there exists an actual controversy between VLSI and Intel regarding the respective rights and duties of the parties.  The remaining allegations in Paragraph 23 of Intel's -255 Counterclaims set forth conclusions of law that require no answer.  To the extent an answer is required, VLSI denies the remaining allegations in Paragraph 23 of Intel's -255 Counterclaims.

24.     VLSI denies the allegations in Paragraph 24 of Intel's -255 Counterclaims.

## DEMAND FOR JURY TRIAL

Intel's demand for a jury trial contains no allegations to which an answer is required. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, VLSI has also demanded a jury trial on all issues so triable.  To the extent that any allegations pertaining to the merits of Intel's -255 Counterclaims are included in Intel's jury demand, VLSI denies those allegations.

## PRAYER FOR RELIEF

Intel's prayer for relief contains no allegations to which an answer is required, but to the extent any answer is required, VLSI denies that Intel is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

By alleging the Defenses set forth below, VLSI does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part. For its Defenses to Intel's -255 Counterclaims, VLSI alleges as follows:

## FIRST DEFENSE

## (Failure to State a Claim)

Intel has failed to state a claim upon which relief may be granted.

## RESERVATION OF ADDITIONAL DEFENSES

VLSI reserves any and all additional defenses available under Section 35 of the United States Code, the rules, regulations, or laws related thereto, the Federal Rules of Civil Procedure, the Rules of this Court, and/or otherwise in law or equity, now existing, or later arising, as may be discovered.

## VLSI'S PRAYER FOR RELIEF

WHEREFORE, having answered Intel's -255 Counterclaims, VLSI prays for the following relief:

a)       Dismissal of Intel's -255 Counterclaims with prejudice;

b)       Judgment that the claims of the '522 and '187 Patents are valid and enforceable;

c)       Judgment that Intel has infringed the '522 and '187 Patents;

d)       Judgment that Intel pay VLSI damages adequate to compensate VLSI for Intel's infringement of each of the '522 and '187 Patents, together with interest and costs under 35 U.S.C. § 284;

e)       Judgment that Intel be ordered to pay prejudgment and post-judgment interest on the damages assessed;

- 5 -

f)      Judgment that Intel pay VLSI enhanced damages pursuant to 35 U.S.C. § 284;

g)      Judgment that Intel be ordered to pay supplemental damages to VLSI, including interest, with an accounting, as needed;

h)      Awarding VLSI such other and further relief, including equitable relief, as this Court may deem just and proper.

Dated: July 13, 2020

By:   /s/ Andy Tindel

Morgan Chu (*pro hac vice*)
Benjamin W. Hattenbach  (*pro hac vice*)
Iian D. Jablon  (*pro hac vice*)
Alan J. Heinrich  (*pro hac vice*)
Keith Orso (*pro hac vice*)
Christopher Abernethy  (*pro hac vice*)
Ian Robert Washburn  (*pro hac vice*)
Amy E. Proctor  (*pro hac vice*)
Dominik Slusarczyk  (*pro hac vice*)
Elizabeth C. Tuan  (*pro hac vice*)
Charlotte J. Wen  (*pro hac vice*)
Brian Weissenberg  (*pro hac vice*)
Benjamin Monnin  (*pro hac vice*)
Jordan Nafekh  (*pro hac vice*)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California   90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
mchu@irell.com
bhattenbach@irell.com
ijablon@irell.com
aheinrich@irell.com
korso@irell.com
cabernethy@irell.com
iwashburn@irell.com
aproctor@irell.com
dslusarczyk@irell.com
etuan@irell.com
cwen@irell.com
bweissenberg@irell.com
bmonnin@irell.com
jnafekh@irell.com

J. Mark Mann (Texas Bar No. 12926150)
mark@themannfirm.com
G. Blake Thompson (Texas Bar No. 24042033)
blake@themannfirm.com
**MANN | TINDEL | THOMPSON**
300 W. Main Street
Henderson, TX 75652
Telephone: (903) 657-8540
Facsimile:  (903) 657-6003

Andy Tindel (Texas Bar No. 20054500)
atindel@andytindel.com
**MANN | TINDEL | THOMPSON**
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile:  (903) 596-0909

Craig D. Cherry (Texas Bar No. 24012419)
ccherry@haleyolson.com
**HALEY & OLSON, P.C.**
100 N. Ritchie Road, Suite 200
Waco, Texas 76701
Telephone: (254) 776-3336
Facsimile:  (254) 776-6823

Michael H. Strub, Jr.  (*pro hac vice*)
Babak Redjaian  (*pro hac vice*)
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, California   92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
mstrub@irell.com
bredjaian@irell.com

*Attorneys for VLSI Technology LLC*


## <u>CERTIFICATE OF SERVICE</u>

A true and correct copy of the foregoing instrument was served or delivered electronically

via U.S. District Court [LIVE] — Document Filing System, to all counsel of record, on this 13th

day of July, 2020.


                                    /s/ *Andy Tindel*
                                    Andy Tindel