IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| VLSI TECHNOLOGY LLC, | § | |
| *Plaintiff,* | § | |
| | § | NO. 1:19-CV-977 (LEAD CASE) |
| v. | § | |
| | § | |
| INTEL CORPORATION | § | |
| *Defendant.* | § | |

### ORDER TRANSFERRING TRIAL VENUE FOR -00254 CASE

Before the Court is the issue of whether to move the trial for the 6:19-cv-00254 case[1] from the Austin division—which is currently closed—to the Waco division —which is currently open— for the scheduled trial in January. After considering the parties' briefing, pursuant to the Federal Rules of Civil Procedure and the Court's inherent authority, the Court **ORDERS** that if the Austin courthouse does not reopen in time for a January trial, the trial for the -00254 case will be held in Waco.

### I. FACTUAL BACKGROUND

VLSI sued Intel in three different cases for allegedly infringing eight patents. No. 6:19-cv-254, ECF #1; No. 6:19-cv-0255, ECF #1; No. 6:19-cv-0256, ECF #1. On October 7, 2019, the Court granted Intel's Motion to Transfer to Austin because, at the time, the Court determined that the Austin division was clearly more convenient than the Waco division. ECF #78. But since that motion was granted, the COVID-19 pandemic has spread across the world, causing many courthouses to close, including Austin's federal courthouse.[2]

---

[1] VLSI originally filed three cases against Intel (6:19-cv-00254, 6:19-cv-00255, and 6:19-cv-00256). These cases were consolidated and transferred to Austin. This Order only pertains to what was originally the -00254 case.

[2] Some courts have substituted telephonic hearings for in-person hearings. *See, e.g.*, *Order Regarding Conducting Oral Arguments* signed by Chief Judge Prost, http://www.cafc.uscourts.gov/sites/default/files/rules-of-practice/Administrative-Orders/AdministrativeOrder-2020-02-05182020.pdf.

On March 11, 2020, the World Health Organization declared the COVID-19 outbreak a pandemic.[3] Two days later, President Trump declared the outbreak a national emergency.[4] On April 3, Judges Yeakel and Pitman closed the Austin courthouse to in-person hearings and trials for what was expected to be a month.[5] At that time, this Court left the trial venue in the instant case undisturbed, believing that trial could still resume in October of 2020.[6] Since then, the Austin division has issued an additional six orders restricting courthouse entry, until at least the end of November 2020.[7] During that time, Chief Judge Garcia issued nine orders regarding court operations under the circumstances created by the COVID-19 pandemic.[8] In his Ninth Order, the Chief Judge stated that:

> [C]ourts in the district may opt to conduct jury trials within their respective division subject to a determination, based upon the facts and circumstance unique to the division, that conducting jury trials would not compromise the health and safety of Court personnel, litigants, counsel, law enforcement, witnesses and jurors. If judges in a specific division determine jury trials can be safely conducted, the most senior district judge within the relevant division may enter an order making those findings and resuming jury trials for the division despite this order and with notice to the Chief Judge.

---

[3] *New ICD-10-CM code for the 2019 Novel Coronavirus (COVID-19), April 1, 2020*, Center for Disease Control and Prevention (CDC) (Mar. 18, 2020), https://www.cdc.gov/nchs/data/icd/Announcement-New-ICD-code-for-coronavirus-3-18-2020.pdf

[4] Press Release, The White House, Message to the Congress on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak (Mar. 13, 2020), https://www.whitehouse.gov/briefings-statements/message-congress-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/

[5] *See Order Relating to Entry Into the United States Courthouse Austin, Texas* signed by US District Judges Lee Yeakel and Robert Pitman (Apr. 3, 2020), https://www.txwd.uscourts.gov/wp-content/uploads/2020/03/Order%20Austin%2004%2003%202020%20COVID-19.pdf.

[6] In light of the closure of the Austin courthouse, the Court only recently reset the trial in the -00254 case from October 2020 to January 2021.  ECF #320.

[7] *See Coronavirus (COVID-19) Guidance*, United States District Court Western District of Texas, https://www.txwd.uscourts.gov/coronavirus-covid-19-guidance/ (last visited Nov. 13, 2020).

[8] *See Ninth Supplemental Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 Pandemic* signed by Chief US District Judge Orlando Garcia (Oct. 14, 2020), https://www.txwd.uscourts.gov/wp-content/uploads/2020/03/NinthSuppCovidOrder101420.pdf

*Id.* at 2. The Austin division has not yet issued an order permitting trials, while Waco division has issued two orders permitting jury trials beginning in September 2020.[9]

In sum, the Austin division has been closed for eight months and remains closed indefinitely. Meanwhile, the Waco division reopened in September 2020 and has since successfully conducted three in-person jury trials.

In light of the upcoming January trial and the potential unavailability of the Austin courthouse, the Court ordered the parties to provide supplemental briefing on whether the trial in the -00254 case should be held in Waco. ECF #281 (Intel), #282 (VLSI). The Court addresses the parties' briefing below.

## II. LEGAL ANALYSIS

If the Austin courthouse has not reopened for a January trial by late November, the Court will hold the trial for the -00254 case in the Waco division pursuant to the Federal Rules of Civil Procedure and the Court's inherent authority.

### 1. The Federal Rules of Civil Procedure permit the Court to transfer this case to Waco without the parties' consent

Rule 1 of the Federal Rules of Civil Procedure provides that the rules should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The Rules set forth specific powers of a federal district court in order to accomplish "Rule 1's paramount command: the just, speedy, and inexpensive resolution of disputes" *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016).

Rule 77(b) provides that "Every trial on the merits must be conducted in open court and, so far as convenient, in a regular courtroom . . . But no hearing—other than one ex parte—may be

---

[9] *See, e.g.*, *Divisional Standing Order Regarding Trials in Waco* signed by US District Judge Albright (Sept. 23, 2020), https://www.txwd.uscourts.gov/wp-content/uploads/2020/03/WacoStandingOrderTrials092320.pdf.

conducted outside the district unless all of the affected parties consent." Courts in the Fifth Circuit[10] have uniformly interpreted Rule 77(b) as giving a district court the discretion to hold the trial at any division within the district, even without the parties' consent. *Rios v. Scott*, No. 1:02-CV-136, 2002 WL 32075775, at *4 (E.D. Tex. 2002) ("It is now clear that trial of an action properly laying venue within a district may occur within any division within that district and irrespective of the parties' consent."); *Morrow v. City of Tenaha Deputy City Marshal Washington*, No. 2:08-CV-288, 2008 WL 5203843, at *2 (E.D. Tex. Dec. 11, 2008) ("[T]he Federal Rules allow significant discretion to district courts in deciding the place of trial, so long as it within the same district, even without the consent of the parties."); *see also Cutler v. Austin*, No. 2:11-CV-447-JRG, 2012 WL 12904088, at *2 (E.D. Tex. Sept. 5, 2012); *Transdata, Inc. v. Tri-County Electric Coop., Inc.*, 6:11cv46 LED-JDL, 2011 WL 13134895, at *1 (E.D. Tex. Aug. 18, 2011).

In accord with this discretion granted by Rule 77(b) and complying with the command of Rule 1, the Court, at the end of November, will consult with Judges Yeakel and Pitman to determine if the Austin division will reopen in time for a January trial. If the Austin judges are unable to say that the Austin courthouse will be available for a January trial, the Court will exercise its discretion pursuant to Rule 77(b) and move the trial for the instant case to the Waco division in order to ensure a just, speedy, and inexpensive resolution of the dispute.

---

[10] Because this is not a question unique to patent law, the law of the regional circuit, *i.e.*, Fifth Circuit, law governs. *In re ZTE (USA)* 890 F.3d 1008, 1012 (Fed. Cir. 2018). The Court notes that courts in the Fourth and Eleventh Circuits have also interpreted Rule 77(b) in the same manner as Fifth Circuit courts. *Alabakis v. Iridium Holdings, LLC*, No. DKC 2007-2032, 2007 WL 3245060, at *1 (D. Md. 2007) ("It is now clear that trial of an action properly laying venue within a district may occur within any division within that district irrespective of the parties' consent."); *Bishop v. C & P Trucking Co., Inc.*, 840 F. Supp. 118, 119 (N.D. Ala. 1993) ("The clear implication of [Rule 77(b)] is that the trial of a case may be held at any courthouse within the district even without the consent of the parties.").

### 2. The Court may transfer the case under its inherent power

The Supreme Court has long recognized that a district court possesses inherent powers that are governed by the "control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz*, 136 S. Ct. at 1891; *see also In re Cragar Indus., Inc.* 706 F.2d 503, 506 (5th Cir. 1983) ("the system works best when able district judges . . . are able to manage their own dockets.")  But district court's exercise of its inherent power must be a reasonable response to a specific problem and the power cannot contradict any express rule or statute.  *Dietz*, 136 S. Ct. at 1892.

Here, the specific problem before the Court is the indefinite closure of the Austin courthouse.  As described above, the Austin courthouse is currently closed and has been closed on a month-by-month basis since March 2020.  Furthermore, because there is no foreseeable end to the COVID-19 pandemic, there likewise is no foreseeable end to the closure of the Austin courthouse.  But, out of an abundance of caution, the Court asked Judges Yeakel and Pitman whether there is a month-certain when the Austin courthouse will reopen, but their answer was no.  As such, that answer confirmed the Court's conclusion that the Austin courthouse appears to be closed indefinitely.

Given this reality, the Court only has two options[11] with respect to the instant case: (1) wait until the Austin courthouse reopens or (2) move the trial to an open courthouse in the district.  The Court does not believe that the first option is practical or reasonable for several reasons.

First, the Court has already delayed the trial date in the instant case by two months and there is no foreseeable date or date-certain when the Austin courthouse will reopen.  Second, the pandemic has created a backlog of trials such that delaying one trial further delays other trials.

---

[11] Unfortunately, unlike circuit courts that may be able to hold telephonic hearings or district courts that may be able to hold a virtual bench trial, the Court does not believe that it is fair and/or appropriate to hold a virtual jury trial.

Therefore, the Court believes that it must manage its docket proactively in order to minimize the effect of that backlog. Third, because the trial dates for the -00255 and -00256 cases are two and four months, respectively, after the trial date for the -00254 case, delaying the trial date of the -00254 case not only delays the trial date of that case, but it has a multiplicative effect by delaying the trial dates of the other two cases by the same amount of time. Fourth, because patents have a limited term, the Court does not believe it should unnecessarily delay a trial date, especially when an alternate venue is available. For at least these reasons, the Court does not believe that waiting until the Austin courthouse reopens is a practical or reasonable. As such, the only other option available to the Court is to move the trial to Waco.

Holding the trial in the Waco division is a reasonable response to the indefinite closure of the Austin courthouse. First, the Court is holding the trial in the closest open division. Second, because the courthouse in Waco is only 102 miles away from the Austin courthouse, the amount of inconvenience is minimal, if any.

Therefore, the Court's exercise of its inherent power to move the trial from the Waco division to the Austin division is a reasonable response to the specific problem of the Austin courthouse being closed for the indefinite future. Furthermore, not only does this not contradict any express rule or statute, but, as described above, the Federal Rules of Civil Procedure permit a district court to do so without the parties' consent.

In its brief, Intel relies heavily on *Cragar*, but the Court believes that its conclusion is fully in accord with the guidance provided in *Cragar* and that *Cragar* is factually distinguishable from the instant case. In *Cragar*, Plaintiff filed suit in the Northern District of Mississippi, but then filed an unopposed motion to transfer to the Western District of Louisiana. *Id*. at 504. Much later in the case, after one defendant filed a summary judgment motion, Plaintiff filed a motion to return

the case to the Northern District of Mississippi, which the district court granted. Defendants filed a petition for a writ of mandamus regarding the order to retransfer back to Mississippi. *Id.*

The panel in *Cragar* provided the following guidance regarding retransfers:

> When such unanticipatable post-transfer events frustrate the original purpose for transfer, a return of the case to the original transferor court does not foul the rule of the case nor place the transferee court in a position of reviewing the decision of its sister court. It, instead, represents a considered decision that the case *then* is better tried in the original forum for reasons which became known after the original transfer order.

*Id.* at 505 (emphasis in original). The panel further states that a retransfer should only be granted "under the most impelling and unusual circumstances." *Id.*

The Court's decision to move the trial to the Waco division is completely consistent with the guidance provided in *Cragar*. At the time the transfer order was granted, to say the COVID-19 pandemic was an "unanticipatable post-transfer event" or "the most impelling and unusual circumstance[]" would be an understatement. If anything, a worldwide pandemic may be the most quintessential example of an unusual circumstance. Furthermore, the closure of the Austin courthouse due to the pandemic has frustrated the original purpose of transferring the case to Austin. Therefore, the Court believes that holding the trial in Waco is a considered decision based on reasons that became known only after the original transfer order.

The Court finds that *Cragar* is readily distinguishable based on the facts for at least three reasons. First, in *Cragar*, Plaintiff moved to transfer the case from the Northern District of Mississippi to the Western District of Louisiana and also to re-transfer the case back to the Northern District of Mississippi. Here, Defendant moved to transfer to Austin and the Court raised the issue of holding the trial in Waco. In other words, unlike like the Plaintiff in *Cragar*, VLSI did not move to transfer to Austin or back to Waco. Second, in *Cragar*, Plaintiff moved to

retransfer the case to Mississippi for tactical reasons whereas in this case, the Court is moving the trial as a result of the pandemic.  Third, in *Cragar,* Plaintiff moved for an interdistrict re

transfer whereas the transfer of the trial in this case is intradistrict.  Relatedly, in *Cragar*, transferring the case to another district would assign that case to the docket of a different judge whereas the judge remains the same in this case.

## IV. Conclusion

Therefore, pursuant to the Federal Rule of Civil Procedure 77(b) and the Court's inherent authority, the Court **ORDERS** that if the Austin courthouse does not reopen with enough time to hold a January trial, the trial for the -00254 case will be held in Waco.

**SIGNED** this 20th day of November, 2020.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE