**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| VLSI TECHNOLOGY LLC, | |
| Plaintiff, | |
| v. | **Case No. 6:21-cv-299** |
| | ████████████████ |
| INTEL CORPORATION, | |
| Defendant. | |

## <u>JOINT FINAL PRETRIAL ORDER</u>

The Pretrial Conference is set for April 9, 2021 at 1:30 p.m. CT. Pursuant to the Court's

Amended Scheduling Order (Case No. 1:19-cv-977-ADA, D.I. 280), Rule 16 of the Federal Rules

of Civil Procedure, and Local Rule CV-16, Plaintiff VLSI Technology LLC ("VLSI") and

Defendant Intel Corporation ("Intel") (collectively, the "Parties") submit this Joint Pretrial Order.

10900476

## I.     COUNSEL FOR THE PARTIES

### A.     Attorneys for Plaintiff VLSI Technology LLC

J. Mark Mann (Texas Bar No. 12926150)
mark@themannfirm.com
G. Blake Thompson (Texas Bar No. 24042033)
blake@themannfirm.com
**MANN | TINDEL | THOMPSON**
300 W. Main Street
Henderson, TX 75652
Telephone: (903) 657-8540
Facsimile:  (903) 657-6003

Andy Tindel (Texas Bar No. 20054500)
atindel@andytindel.com
**MANN | TINDEL | THOMPSON**
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile:  (903) 596-0909

Craig D. Cherry (Texas Bar No. 24012419)
craig@swclaw.com
**STECKLER, WAYNE, COCHRAN, CHERRY, PLLC**
8416 Old McGregor Road
Waco, Texas 76712
Telephone: (254) 651-3690
Facsimile:  (254) 651-3689

Morgan Chu (*pro hac vice*)
Benjamin W. Hattenbach  (*pro hac vice*)
Iian D. Jablon  (*pro hac vice*)
Alan J. Heinrich  (*pro hac vice*)
Ian Robert Washburn  (*pro hac vice*)
Amy E. Proctor  (*pro hac vice*)
Elizabeth C. Tuan  (*pro hac vice*)
Dominik Slusarczyk  (*pro hac vice*)
Charlotte J. Wen  (*pro hac vice*)
Brian Weissenberg  (*pro hac vice*)
Benjamin Monnin  (*pro hac vice*)
Jordan Nafekh  (*pro hac vice*)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California   90067

Telephone: (310) 277-1010
Facsimile: (310) 203-7199
mchu@irell.com
bhattenbach@irell.com
ijablon@irell.com
aheinrich@irell.com
iwashburn@irell.com
aproctor@irell.com
etuan@irell.com
dslusarczyk@irell.com
cwen@irell.com
bweissenberg@irell.com
bmonnin@irell.com
jnafekh@irell.com

Babak Redjaian  (*pro hac vice*)
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, California   92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
bredjaian@irell.com

**B.      Attorneys for Intel Corporation**

J. Stephen Ravel (Texas Bar No. 16584975)
**KELLY HART & HALLMAN LLP**
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
steve.ravel@kellyhart.com
sven.stricker@kellyhart.com

James E. Wren (Texas Bar No. 22018200)
1 Bear Place, Unit 97288
Waco, Texas 76798
Tel: (254) 710-7670
james.wren@baylor.edu

Harry L. Gillam, Jr. (Texas Bar No. 07921800)
GILLAM & SMITH L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
gil@gillamsmithlaw.com

William F. Lee (*pro hac vice*)
Joseph Mueller (*pro hac vice*)
Louis W. Tompros (*pro hac vice*)
Kate Saxton (*pro hac vice*)
Felicia H. Ellsworth (*pro hac vice*)
Jordan L. Hirsch (*pro hac vice*)
Thomas Lampert (*pro hac vice*)
James M. Lyons  (*pro hac vice*)
George F. Manley  (*pro hac vice*)
**WILMER CUTLER PICKERING HALE & DORR LLP**
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
william.lee@wilmerhale.com
joseph.mueller@wilmerhale.com
louis.tompros@wilmerhale.com
kate.saxton@wilmerhale.com
felicia.ellsworth@wilmerhale.com
jordan.hirsch@wilmerhale.com
thomas.lampert@wilmerhale.com
james.lyons@wilmerhale.com
george.manley@wilmerhale.com

Gregory H. Lantier (*pro hac vice*)
Amanda L. Major (*pro hac vice*)
Joshua L. Stern (*pro hac vice*)
**WILMER CUTLER PICKERING HALE & DORR LLP**
1875 Pennsylvania Avenue
Washington DC 20006
Tel: (202) 663-6000
gregory.lantier@wilmerhale.com
amanda.major@wilmerhale.com
joshua.stern@wilmerhale.com

Mary V. Sooter (*pro hac vice*)
**WILMER CUTLER PICKERING HALE & DORR LLP**
1225 17th Street, Suite 2600
Denver, CO 80202
Tel: (720) 274-3164
mindy.sooter@wilmerhale.com

Jeffrey A. Dennhardt (*pro hac vice*)
**WILMER CUTLER PICKERING HALE & DORR LLP**
7 World Trade Center

250 Greenwich Street
New York, NY 10007
Tel: (212) 295-6293
jeffrey.dennhardt@wilmerhale.com

Anh-khoa Tran
Arthur W. Coviello (*pro hac vice*)
Alexis Pfeiffer (*pro hac vice*)
**WILMER CUTLER PICKERING HALE & DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel: (650) 858-6000
arthur.coviello@wilmerhale.com
khoa.tran@wilmerhale.com
alexis.pfeiffer@wilmerhale.com

## II.    STATEMENT OF JURISDICTION

This action arises under the patent laws of the United States, including 35 U.S.C. § 1 *et seq*.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Subject matter jurisdiction and personal jurisdiction are not disputed in this case.

### A.    VLSI's Position

The Court correctly rejected Intel's motion to transfer this action to Delaware, finding that the Western District of Texas is the appropriate venue for this case, under 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391.  D.I. 53.  The Court then properly retransferred the lead case between the parties from Austin back to Waco after making findings that the Austin courthouse was closed for trials and that under the circumstances presently before the Court, Waco (where the action was originally filed) is a more convenient venue for the parties and witnesses, and that the interests of justice support retransfer.  D.I. 408.  Intel unsuccessfully sought mandamus review of those findings.  The Court's findings in transferring the lead case back to Waco apply at least equally, if not more strongly, in this action as well.  Further, the Court has made it clear to the parties that the Court intends to retransfer this action back to Waco if the Austin courthouse remains closed for trial in

- 4 -

April.  *E.g.,* Case No. 6:21-cv-57 Rough Trial Transcript at 845:20-846:13.  The Chief Judge of the Western District of Texas recently entered an order extending the closure of the Austin courthouse at least through the end of April.  Accordingly, this action should now be retransferred back to Waco for all of the reasons set forth in VLSI's pending transfer motion.  D.I. 429, D.I. 435.

        **B.**     **Intel's Position**

Pursuant to the Court's October 7, 2019 Order, the Austin Division is the proper forum for this case.  D.I. 78.  In that Order, the Court granted Intel's Motion to Transfer Venue Under 28 U.S.C. § 1404(a) and held that "the Austin Division is 'clearly more convenient' than the Waco Division."  *Id.* at 10.  The Austin Division remains the proper forum for this action, including trial.

As explained in Intel's Response to Plaintiff VLSI Technology LLC's Opposed Motion to Transfer Remaining Cases Back to Waco Pursuant to 28 U.S.C. § 1404(a) (D.I. 434), this case should not be retransferred back to the Waco Division.  Intel hereby incorporates its Response to Plaintiff VLSI Technology LLC's Opposed Motion to Transfer Remaining Cases Back to Waco Pursuant to 28 U.S.C. § 1404(a) (D.I. 434) herein by reference.

## III.    NATURE OF ACTION

This is a patent infringement case arising under the patent laws of the United States.  VLSI is the patent holder.  VLSI intends to assert at trial that Defendant Intel Corporation ("Intel") has infringed claims 9, 11, 16, 20, 21, and 36 of U.S. Patent No. 6,366,522 ("the '522 Patent"), and claims 1, 2, 13, 15, 17, and 18 of U.S. Patent No. 6,633,187 ("the '187 Patent") (collectively, the "Asserted Claims"), and done so willfully.[1]  VLSI disagrees with Intel's allegations below.

---

[1] The parties limit their pretrial disclosures to two patents originally asserted in Case No. 6:19-cv-255-ADA.

Intel alleges that it does not infringe, directly or indirectly, (1) any of claims 9, 11, 16, 20, 21, or 36 of the '522 Patent; or (2) any of claims 1, 2, 13, 15, 17, and 18 of the '187 Patent. Intel also alleges that it has not willfully infringed any of the Asserted Claims.

Intel further alleges that (1) claims 9, 11, 16, 20, 21, or 36 of the '522 Patent are invalid as obvious; and (2) claims 1, 2, 13, 15, 17, and 18 of the '187 Patent are invalid as anticipated and/or obvious. Intel also alleges that the '522 and '187 Patents are unenforceable as to Intel in view of ███████████████.

## IV.    CONTENTIONS OF THE PARTIES

By providing these statements, the Parties do not concede that any of the following issues is appropriate for trial. The Parties also do not waive any of their pending motions.

### A.    VLSI's Statement of Contentions[2]

(1)    Intel infringes Claims 9, 11, 16, 20, 21, and 36 of U.S. Patent No. 6,366,522 by making, using, selling, offering for sale, and/or importing into the United States Intel's Skylake server processors, Cascade Lake server processors, Ice Lake client and server processors, and any other processors with essentially the same structures as those identified in VLSI's infringement analysis ("'522 Accused Products"). Intel infringes Claims 9, 11, 16, 20, 21, and 36 of the '522 Patent, directly or indirectly, either literally or under the doctrine of equivalents. The doctrine of equivalents is available and has been properly applied for the Asserted Claims.

(2)    Intel infringes Claims 1, 2, 13, 15, 17, and 18 of U.S. Patent No. 6,633,187 by making, using, selling, offering for sale, and/or importing into the United States Intel's Haswell

---

[2] VLSI also generally disagrees with Intel's allegations and contentions in this Pretrial Order, and objects to those allegations and contentions to the extent that they are inconsistent with the Federal Rules of Civil Procedure, the Local Rules, or the orders of this Court, and/or outside the scope of Intel's disclosures or expert reports.

client and server processors, Broadwell client and server processors, Skylake server processors, Cascade Lake server processors, Ice Lake client processors, and any other processors with essentially the same structures as those identified in VLSI's infringement analysis ("'187 Accused Products"). Intel infringes Claims 1, 2, 13, 15, 17, and 18 of the '187 Patent, directly or indirectly, either literally or under the doctrine of equivalents. The doctrine of equivalents is available and has been properly applied for the Asserted Claims.

(3)     Intel's infringement of the Asserted Claims of the '522 and '187 Patents has been and continues to be willful.

(4)     Intel has induced, and, with respect to the '187 Patent, continues to induce, the infringement of the Asserted Claims of the '522 and '187 Patents by its customers, including but not limited to its direct customers and end users.

(5)     Intel has contributed, and, with respect to the '187 Patent, continues to contribute, to the infringement of the Asserted Claims of the '522 and '187 Patents by its customers, including but not limited to its direct customers and end users.

(6)     Intel has long had actual or constructive knowledge of the existence of and its infringement of the '522 Patent.

(7)     Intel has long had actual or constructive knowledge of the existence of and its infringement of the '187 Patent.

(8)     VLSI is the valid, presumptive assignee of the '522 and '187 Patents and all rights thereto, including the right to claim damages for past infringement.

(9)     The priority date of the Asserted Claims of the '522 Patent is November 20, 2000.

(10)    The priority date of the Asserted Claims of the '187 Patent is November 20, 2000.

(11)    The Asserted Claims of the '522 and '187 Patents are not invalid for any reason, including under 35 U.S.C. §§ 102, 103, and 112.

(12)    The Asserted Claims of the '522 and '187 Patents are not unenforceable for any reason, including for ███████████ or any other legal or equitable theory asserted by Intel.

(13)    VLSI's damages for Intel's past infringement of the '522 and '187 Patents are not barred or limited by 35 U.S.C. § 287, or any other legal or equitable theory asserted by Intel.

(14)    VLSI has been damaged by Intel's infringement of the '522 and '187 Patents, and is entitled to damages for all infringement addressed at trial.  Intel's Statement of Contentions rehashes arguments Intel raised in its *Daubert* motions against VLSI's damages experts.  Intel's *Daubert* arguments mischaracterize the opinions of VLSI's experts and misapply the law, as VLSI explained in detail in its *Daubert* oppositions.  VLSI's damages case is based on a careful analysis of the value Intel has received as a result of infringing VLSI's asserted patents and thus is directly responsive to the touchstone of a proper reasonable royalty determination: the value of "the use made of the invention by the infringer."  35 U.S.C. § 284.  Intel's damages case, in contrast, is completely divorced from this question, as explained in VLSI's *Daubert* motions against Intel's experts, Drew Pascarella, Hance Huston, and Robert Colwell.  D.I. 276.

(15)    VLSI is entitled to supplemental damages for all infringement that is not addressed at trial, including, for example, damages for infringement that occurred (i) after the temporal cutoff for the data presented at trial, and, with respect to the '187 Patent, (ii) during the period between the jury verdict and the entry of final judgment, as well as pre-judgment and post-judgment interest.

(16)    This is an exceptional case entitling VLSI to attorneys' fees and costs under 35 U.S.C. § 285.

(17)     VLSI seeks all equitable relief from the Court that is just and proper.

(18)     VLSI seeks all injunctive relief from the Court that is proper, or if Intel's infringement is not enjoined, that Intel be ordered to pay ongoing royalties to VLSI for any post-judgment infringement of the '187 Patent.

(19)     To the extent not already addressed above, VLSI disagrees with Intel's contentions below.

**B.     Intel's Statement of Contentions**[3],[4]

**a.     '522 Patent**

(20)     Intel denies that Intel, or its Skylake server microprocessors, Cascade Lake server microprocessors, Ice Lake client and server microprocessors, infringes claims 9, 11, 16, 20, 21, and 36 of the '522 Patent, directly or indirectly.[5],[6]

(21)     Intel further contends that it has not infringed the '522 Patent, directly or indirectly, either literally or under the doctrine of equivalents.  Intel further contends that VLSI has not

---

[3] ████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
██████████████████████████████████

[4] Intel's Statement of Contentions should not be interpreted as an agreement with any of the assertions set forth in VLSI's Statement of Contentions.  Intel generally disagrees with VLSI's allegations and contentions in this Pretrial Order and objects to those allegations and contentions to the extent that they are inconsistent with the Federal Rules of Civil Procedure, the Local Rules, or the orders of this Court, and/or outside the scope of VLSI's disclosures or expert reports.

[5] VLSI contends that it is accusing "any other processors with essentially the same structures as those identified in VLSI's infringement analysis" of infringing the '522 Patent.  No such products were disclosed in VLSI's infringement contentions or expert reports, and Intel thus believes that such products are no longer in the case.

[6] VLSI previously alleged that Intel's Cannon Lake product family (as well as Skylake server, Cascade Lake server, and Ice Lake client and server products) infringe the '522 Patent, but VLSI is no longer pursuing those allegations.

sufficiently disclosed its doctrine of equivalents theory and should be precluded from asserting it at trial.

(22)    Intel also contends that the doctrine of equivalents is inapplicable for the asserted claims of the '522 Patent because limitations were added for patentability purposes and prosecution history estoppel prevents the doctrine from being applied to those limitations.

(23)    Intel contends that each of the Asserted Claims of the '522 Patent is invalid under 35 U.S.C. § 103, at least based on the following prior art references:

- U.S. Patent No. 6,664,775 ("Clark '775")
- U.S. Patent No. 6,484,265 ("Borkar")
- U.S. Patent No. 5,481,176 ("Wilcox")
- U.S. Patent No. 6,137,280 ("Ackermann")
- U.S. Patent No. 5,764,007 ("Jones")
- U.S. Patent No. 5,614,869 ("Bland")
- U.S. Patent No. 6,366,157 ("Abdesselem")

(24)    Intel contends that the prior art can be applied to the claims to prove obviousness as shown:

| Claims | Combinations |
|---|---|
| 9, 11, 16, 21 | Clark '775, Wilcox, Ackermann, Abdesselem |
|  | Borkar, Bland, Wilcox, Ackermann |
| 20 | Clark '775, Wilcox, Ackermann, Abdesselem, Bland |
|  | Borkar, Bland, Wilcox, Ackermann |
| 36 | Clark '775, Wilcox, Ackermann, Abdesselem, Jones |
|  | Borkar, Bland, Wilcox, Ackermann, Jones |

(25)     Intel agrees with VLSI that the priority date of the '522 Patent is no earlier than November 20, 2000 and contends that VLSI will not meet its burden to establish an earlier priority date.

(26)     Intel denies that Intel received notice of the '522 Patent before VLSI filed suit on the '522 Patent in Delaware on March 1, 2019.  Intel also denies that it knew or should have known of any risk that it was allegedly infringing the '522 Patent.

(27)     Intel contends that it has not willfully infringed, and is not willfully infringing, the '522 Patent.

(28)     Intel contends that VLSI is not entitled to damages at all or in the amount that VLSI seeks.

(29)     Intel contends that, should the patent be determined to be not invalid, infringed, and not unenforceable, VLSI's damages calculations are inflated and inaccurate.  In particular, VLSI has presented ██████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████      ████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████

(30)    Intel contends that, should the '522 Patent be determined to be not invalid, infringed, and not unenforceable, damages, if any, are limited to a ██████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████ .

(31)    If one or more of the asserted claims is found to be not invalid and not unenforceable and if Intel is found to have infringed such claims:

a.    In addition to denying that VLSI is entitled to any damages, Intel contends that VLSI is not entitled to enhanced damages under 35 U.S.C. § 284.

b.    Intel contends that VLSI's claims are barred in whole or in part ████████

███████████████████ .

(32)    VLSI's damages are limited by 35 U.S.C. § 287 to begin no earlier than March 1, 2019.

(33)    Intel contends that this case is exceptional and Intel is entitled to its costs, expenses, and reasonable attorney fees pursuant to 35 U.S.C. § 285.

(34)    Intel contends that VLSI is not entitled to recover its attorney's fees, costs (including expert witness fees), expenses incurred in this action, or pre-judgment interest.

(35)    Intel contends that VLSI is not entitled to an injunction.

(36)    Intel contends that VLSI is not entitled to any supplemental damages.

(37)    Intel contends that VLSI is not entitled to any post-judgment ongoing royalty.

(38)    Intel contends that VLSI is not entitled to equitable relief.

**b.    '187 Patent**

(39)     Intel denies that Intel, or its Haswell client and server microprocessors, Broadwell client and server microprocessors, Skylake server microprocessors, Cascade Lake server microprocessors, and Ice Lake client microprocessors, infringes claims 1, 2, 13, 15, 17, and 18 of the '187 Patent, directly or indirectly.[7,8]

(40)     Intel further contends that it has not infringed the '187 Patent, directly or indirectly, either literally or under the doctrine of equivalents.  Intel further contends that VLSI has not sufficiently disclosed its doctrine of equivalents theory and should be precluded from asserting it at trial.

(41)     Intel also contends that the doctrine of equivalents is inapplicable for the asserted claims of the '187 Patent because limitations were added for patentability purposes and prosecution history estoppel prevents the doctrine from being applied to those limitations.

(42)     Intel contends that each of the Asserted Claims of the '187 Patent is invalid under 35 U.S.C. §§ 102 and/or 103, at least based on the following prior art references:

- U.S. Patent No. 6,980,037 ("Page")

- U.S. Patent No. 5,949,227 ("Bujanos")

- U.S. Patent No. 5,883,501 ("Arakawa")

- Widlar, New Developments in IC Voltage Regulators ("Widlar")

---

[7] VLSI contends that it is accusing "any other processors with essentially the same structures as those identified in VLSI's infringement analysis" of infringing the '187 Patent.  No such products were disclosed in VLSI's infringement contentions or expert reports, and Intel thus believes that such products are no longer in the case.

[8] VLSI previously alleged that Intel's Skylake client, Ice Lake server, and Cannon Lake product families (as well as Haswell client and server, Broadwell client and server, Skylake server, Cascade Lake server, and Ice Lake client products) infringe the '187 Patent, but VLSI is no longer pursuing those allegations.

- U.S. Patent No. 5,739,708 ("LeWalter")

- U.S. Patent No. 5,778,237 ("Yamamoto")

(43)    Intel contends that the prior art can be applied to the claims to prove obviousness as shown:

| Claims | Combinations |
|--------|--------------|
| 1, 2 | Page, Bujanos, Arakawa |
|  | Page, Bujanos, Widlar |
| 13, 17 | Page |
|  | Page, Yamamoto |
| 15 | Page, LeWalter |
|  | Page, Yamamoto, LeWalter |
| 18 | Page, Bujanos, Arakawa |
|  | Page, Yamamoto, Bujanos, Arakawa |

(44)    Intel agrees with VLSI that the priority date of the '187 Patent is no earlier than November 20, 2000 and contends that VLSI will not meet its burden to establish an earlier priority date.

(45)    Intel denies that Intel received notice of the '187 Patent before VLSI filed suit on the '187 Patent in Delaware on March 1, 2019.  Intel also denies that it knew or should have known of any risk that it was allegedly infringing the '187 Patent.

(46)    Intel contends that it has not willfully infringed, and is not willfully infringing, the '187 Patent.

(47)    Intel contends that VLSI is not entitled to damages at all or in the amount that VLSI seeks.

(48)    Intel contends that, should the patent be determined to be not invalid, infringed, and not unenforceable, VLSI's damages calculations are inflated and inaccurate.  In particular, VLSI

has presented ███████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████

(49)     Intel contends that, should the '187 Patent be determined to be not invalid, infringed, and not unenforceable, damages, if any, are limited to a fully paid-up lump-sum royalty in an amount commensurate with the real-world evidence of the value of the '187 Patent, including the prior sales of the patent and prior offers and agreements regarding comparable patents.

(50)     If one or more of the asserted claims is found to be not invalid and not unenforceable and if Intel is found to have infringed such claims:

      a.     In addition to denying that VLSI is entitled to any damages, Intel contends that VLSI is not entitled to enhanced damages under 35 U.S.C. § 284.

      b.     Intel contends that VLSI's claims are barred in whole or in part ██████

████████████████

(51)     VLSI's damages are limited by 35 U.S.C. § 287 to begin no earlier than March 1, 2019.

(52)     Intel contends that this case is exceptional and Intel is entitled to its costs, expenses, and reasonable attorney fees pursuant to 35 U.S.C. § 285.

(53)     Intel contends that VLSI is not entitled to recover its attorney's fees, costs (including expert witness fees), expenses incurred in this action, or pre-judgment interest.

(54)     Intel contends that VLSI is not entitled to an injunction.

(55)     Intel contends that VLSI is not entitled to any supplemental damages.

(56)     Intel contends that VLSI is not entitled to any post-judgment ongoing royalty.

(57)     Intel contends that VLSI is not entitled to equitable relief.

## V.     STIPULATIONS AND UNCONTESTED FACTS

(58)     The Parties will continue to meet and confer to attempt to resolve their objections to deposition designations and exhibits, and to identify additional potential stipulations, including stipulations related to the admissibility of exhibits, and will supplement these stipulations to the extent that additional stipulations are agreed by the parties.



████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████

### E.     The Parties' Statement of Uncontested Facts

(61)    The '522 Patent was filed for on November 20, 2000 and issued on April 2, 2002 by the U.S. Patent Office.

(62)    The '187 Patent was filed for on November 20, 2000 and issued on October 14, 2003 by the U.S. Patent Office.

(63)    The claims of the '522 Patent to be adjudicated at the trial scheduled for April 12, 2021 are Claims 9, 11, 16, 20, 21, and 36.

(64)    The claims of the '187 Patent to be adjudicated at the trial scheduled for April 12, 2021 are Claims 1, 2, 13, 15, 17, and 18.

## VI.    CONTESTED ISSUES OF FACT AND LAW

The Parties identify the following issues of fact that remain to be litigated.  To the extent any issue of law discussed below is deemed to be an issue of fact, it is incorporated into this section.  The Parties reserve the right to identify additional factual or legal issues that may arise, including issues raised by any further discovery undertaken in this case or the Court's rulings on any pending motions or rulings made at the pretrial conference on this action.

By providing this statement, the Parties do not concede that all of these issues are appropriate for trial.  The Parties also do not waive any of their pending motions.

- 17 -

### F.   Issues To Be Tried By Jury Trial

**Infringement**

(65)   Whether VLSI has shown by a preponderance of evidence that accused '522 products[9] literally infringe any of Claims 9, 11, 16, 20, 21, and 36 of the '522 Patent.

(66)   Whether VLSI has shown by a preponderance of evidence that the accused '187 products[10] literally infringe any of Claims 1, 2, 13, 15, 17, and 18 of the '187 Patent.

(67)   Whether VLSI has shown by a preponderance of evidence that the accused '522 products infringe any of Claims 9, 11, 16, 20, 21, and 36 of the '522 Patent under the doctrine of equivalents.[11]

(68)   Whether VLSI has shown by a preponderance of evidence that the accused '187 products infringe any of Claims 1, 2, 13, 15, 17, and 18 of the '187 Patent under the doctrine of equivalents.[12]

---

[9] The parties offer different descriptions of the accused '522 products, as described above in paragraphs 1 (VLSI) and 20 (Intel).

[10] The parties offer different descriptions of the accused '187 products, as described above in paragraphs 2 (VLSI) and 39 (Intel).

[11] Intel contends that VLSI has not sufficiently disclosed its doctrine of equivalents theory with respect to the '522 Patent and should be precluded from asserting it at trial.  *See* D.I. 257 (Intel's Motion for Summary Judgment of No Infringement under the Doctrine of Equivalents); D.I. 268 (Intel's Daubert Motion To Exclude Plaintiff VLSI Technology LLCs Experts' Conclusory Doctrine of Equivalents Analysis).  To the extent VLSI is permitted to assert infringement under the doctrine of equivalents at trial, Intel reserves the right to offer argument on the defenses of prosecution history estoppel and/or ensnarement in response.

[12] Intel contends that VLSI has not sufficiently disclosed its doctrine of equivalents theory with respect to the '187 Patent and should be precluded from asserting it at trial.  *See* D.I. 257 (Intel's Motion for Summary Judgment of No Infringement under the Doctrine of Equivalents); D.I. 268 (Intel's Daubert Motion To Exclude Plaintiff VLSI Technology LLCs Experts' Conclusory Doctrine of Equivalents Analysis).  To the extent VLSI is permitted to assert infringement under the doctrine of equivalents at trial, Intel reserves the right to offer argument on the defenses of prosecution history estoppel and/or ensnarement in response.

(69)     Whether VLSI has shown by a preponderance of the evidence that Intel has directly infringed any of the Asserted Claims of the '522 Patent, or has indirectly infringed the Asserted Claims of the '522 Patent by inducing others to directly infringe or by contributing to others' direct infringement.

(70)     Whether VLSI has shown by a preponderance of the evidence that Intel has directly infringed any of the Asserted Claims of the '187 Patent, or has indirectly infringed the Asserted Claims of the '187 Patent by inducing others to directly infringe or by contributing to others' direct infringement.

(71)     Whether VLSI has shown by a preponderance of the evidence that Intel has willfully infringed the Asserted Claims of the '522 and '187 Patents.

**Invalidity**

(72)     Whether Intel has shown by clear and convincing evidence that Claims 9, 11, 16, 20, 21, and 36 of the '522 Patent are invalid under 35 U.S.C. § 103.

(73)     Whether Intel has shown by clear and convincing evidence that Claims 1, 2, 13, 15, 17, and 18 of the '187 Patent are invalid under 35 U.S.C. §§ 102 and/or 103.

**Damages**

(74)     Whether VLSI has shown by a preponderance of the evidence the amount of reasonable royalty damages to which it is entitled for any patent containing at least one claim that is found to be infringed and not invalid, and whether such damages should be in the form of a running royalty or a fully-paid up lump sum royalty.

### G.   Issues To Be Tried By The Court

**Intel's Affirmative Defenses to Infringement**[13]

(75)   Whether Intel has shown by clear and convincing evidence that VLSI is barred from enforcing the '522 and '187 Patents against Intel because ███████████████████.

(76)   Whether VLSI is barred from asserting infringement under the doctrine of equivalents for the asserted claims of the '522 and '187 Patents due to prosecution history estoppel, the "all elements" rule, and/or ensnarement of the prior art.

**Damages and Remedies**

(77)   If the jury awards damages to VLSI, whether VLSI has shown by a preponderance of the evidence that it is entitled to supplemental damages for infringement that is not included in the jury verdict, including, for example (if the jury awards a running royalty for past damages only), damages for infringement that occurred after the temporal cutoff for the data presented at trial, and, with respect to the '187 Patent, the period between the jury verdict and the entry of final judgment.

(78)   If VLSI proves infringement of one or more claims of the '187 Patent that are not invalid and not unenforceable, and the jury awards a running royalty for past damages only, whether VLSI is entitled to ongoing royalties for post-judgment infringement through the expiration of the '187 Patent on May 25, 2021, and the amount of those royalties.

(79)   If VLSI proves infringement of one or more claims of the '187 Patent that are not invalid and not unenforceable, whether VLSI is entitled to a permanent injunction enjoining Intel

---

[13] The Parties agree that these defenses should be tried to the Court rather than to the jury, and further have agreed that any proposed findings of fact and conclusions of law relating thereto be deferred for submission after the jury trial.

from infringement of those patent claims through the expiration of the '187 Patent on May 25, 2021.

(80)    If the jury awards damages to VLSI, whether VLSI has shown by a preponderance of the evidence that it is entitled to pre- and/or post-judgment interest, and, if so, the amount.

(81)    If the jury finds willful infringement, whether VLSI should be awarded enhanced damages under 35 U.S.C. § 284 and, if so, the amount of enhancement.

(82)    Whether this case is exceptional under 35 U.S.C. § 285 and, if so, whether VLSI or Intel is entitled to attorneys' fees or costs, and, if so, the amount.

(83)    Whether VLSI's damages are limited as a matter of law by 35 U.S.C. § 287 to begin no earlier than March 1, 2019.

## VII.   LIST OF WITNESSES

VLSI's witness list, and Intel's objections thereto, are attached as Exhibit 2.

Intel's witness list, and VLSI's objections thereto, are attached as Exhibit 3.

## VIII.   LIST OF EXHIBITS

VLSI's trial exhibit list is attached as Exhibit 4.

Intel's trial exhibit list is attached as Exhibit 5.

The Parties will continue to meet and confer regarding their respective objections and strive to resolve all objections and issues prior to presenting them to the Court.

## IX.   DEPOSITION DESIGNATIONS

VLSI's deposition designations are attached as Exhibit 6.

Intel's deposition designations are attached as Exhibit 7.

## X.     TRIAL CONDUCT, DISCLOSURES, AND STIPULATIONS

(84)     The parties will continue to meet and confer to attempt to resolve their objections to deposition designations and exhibits, and to identify additional potential stipulations, including stipulations related to the admissibility of exhibits, and will supplement these stipulations to the extent that additional stipulations are agreed by the parties.

(85)     The parties request that the Court present a tutorial video from the Federal Judicial Center regarding the U.S. Patent Office to the members of the jury as part of its preliminary instructions to the jury.

(86)     The parties shall exchange updated exhibit lists and witness lists 14 days prior to trial to the extent necessary after a good faith review.  With respect to exhibit lists, the parties shall be permitted to update or change exhibit numbers for purposes of this updated list, and, if they do so, will provide a table correlating original exhibit numbers to updated exhibit numbers with their list.

(87)     The parties agree to cooperate in good faith to seek to prevent or limit public disclosure of documents containing information designated as Confidential, Outside Counsel Eyes Only, Outside Counsel Eyes Only – Source Code, or Outside Counsel Eyes Only – Process Recipes and/or testimony eliciting such information, including, but not limited to, offering into evidence only those pages of such documents relevant to claims or defenses and/or to redact any irrelevant portions of such documents.

(88)     The parties will exchange final versions of pre-marked electronic copies of exhibits 5 days prior to trial.

(89)     A party's failure to introduce any exhibit appearing on its list shall not be commented on during trial.

(90)    Legible photocopies of the '522 and '187 Patents and their Patent Office file histories may be offered as evidence in lieu of certified copies thereof, subject to all other objections that might be made to admissibility of certified copies.

(91)    Legible photocopies of United States patents and the contents of their Patent Office file histories may be offered and received into evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of certified copies.  Legible photocopies of United States patent applications and the contents of their associated file histories may be offered and received into evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of certified copies.

(92)    Legible photocopies of documents may be offered and received in evidence in lieu of originals thereof, subject to all foundational requirements and other objections that might be made to the admissibility of originals, subject to the right of the party against whom it is offered to inspect an original upon request reasonably in advance of any proposed use of the photocopy.

(93)    Each party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to evidentiary objections.  Any exhibit, once admitted, may be used equally by each party.  The listing of an exhibit by a party on its exhibit list does not waive any evidentiary or other objections to that exhibit by the listing party should the opposing party attempt to offer it into evidence.

(94)    Subject to other provisions of this Order, no party may offer as evidence an exhibit not present on either party's exhibit list absent Court order or by agreement of the parties.  Both parties reserve the right to seek leave to supplement their respective exhibit list, and reserve all objections to the same from the other party.

(95)    The parties agree to meet-and-confer in good faith regarding the authenticity and admissibility of the documents each party has produced.

(96)    Except as the Court may order, the calling party may not call a live witness at trial unless identified in accordance with the procedures herein.

(97)    Before they testify, fact witnesses shall be barred from hearing the testimony of other witnesses.  However, in accordance with Fed. R. Evid. 615(b), this exclusion rule will not apply to the individual designated by each party as its representative.  Expert witnesses are not excluded from the courtroom for either fact or expert testimony.

(98)    Any party may use testimony that is designated by another party, to the same effect as if it had initially designated the testimony as its own, subject to all objections.

(99)    Any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose.

(100)   No objections, preambles, or exchanges between counsel will be played or read as a part of deposition testimony.  The party offering the witness to be called by deposition is responsible for providing a timed report and video of the testimony to be played at trial to the other party by **7:00 a.m. CT** the day the designations will be played at trial.  Deposition counter-designations will be counted against the designator's time.  The time allotted by the Court for each side's presentation shall be reduced by the length of its respective designations.

(101)   To the extent there are any objections pending with respect to a particular witness whose testimony is being offered by deposition, a party intending to read or play that testimony during trial must provide the Court and the other party with a transcript of the designated and

counter-designated testimony it intends to read or play, along with any objections thereto, by **8:30 a.m. CT** the day before the party intends to offer the designated testimony.

(102)   The parties agree that for any deposition testimony played or read during either party's case-in-chief, all deposition designations, counter-designations, and counter-counter-designations from that witness will be played or read together in chronological order.

(103)   Nothing in the foregoing procedures shall preclude a party from using deposition testimony at trial for purposes of impeachment.

(104)   By **10:00 a.m. CT** on the day on which a party intends to disclose witnesses through the conclusion of its case, that party shall inform the other party of its intent to finish its presentation of evidence on the day the disclosed witnesses are expected to testify.

(105)   The parties agree that any exhibit listed on either party's exhibit list as to which no objection remains pending at the time of opening statements may be shown to the jury by either party during opening statements if the exhibit will be the subject of testimony and introduced by a witness at trial.  The parties agree to meet and confer to the extent objections remain pending to attempt to resolve any such objections so that exhibits may be used during opening statements or objections can be resolved by the Court.

(106)   The parties agree that notice of a party's intended use of blow-ups (enlargements) of trial exhibits and/or deposition testimony and of ballooning, excerption, highlighting, etc. of such exhibits and/or deposition testimony need not be given (and need not be exchanged as a demonstrative), as long as the party has identified its intent to use the trial exhibit and/or deposition testimony according to the provisions of this Order.

(107)   As used in this Pretrial Order, the term "demonstrative" includes Powerpoints, graphics and animation demonstratives, and physical demonstratives, but does not include scans

of exhibits or deposition transcripts or underlining, highlighting, or similar emphasis on such exhibits or deposition transcripts. The parties do not need to exchange copies of demonstratives to be used only during cross-examinations.  The parties further agree that, to the extent a party intends to use Powerpoint or slide demonstratives, the slides will be disclosed in the order the party presently intends to present those slides.

(108)  Each party shall provide by no later than **12:00 p.m. CT** a copy of all demonstratives they plan to use the following day in the opening statement, and agree to limit the number of opening statement slides to 100 slides per side.  The receiving party shall provide objections to such demonstratives by **3:00 p.m. CT** that same day, and the parties shall meet and confer on any objections at **5:00 p.m. CT** that same day.  The parties agree that if testimony will in good faith be played or elicited during trial, it may be used in demonstratives used during opening statements.

(109)   The parties will identify witnesses to be called live or by deposition, and the order of call, by **12:00 p.m. CT three calendar days** prior to the date that the party intends to call such witness (*e.g.*, by noon on Sunday for any witness who will be called on Wednesday).

(110)   For each witness that a party intends to call by deposition, the party shall, by **12:00 p.m. CT three calendar days** prior to the date the party intends to call such witness, provide the other side with the specific pages and lines of transcript from the witness's deposition as set forth in this Pre-Trial Order that it expects to read or play during trial as well as any trial exhibits to be offered through that witness's deposition testimony.  The receiving party shall, by **12:00 p.m. CT** the next day (*i.e.*, two calendar days prior to the date the first party intends to call such witness), identify any additional previously designated testimony to be read or played, and any unresolved objections to testimony or exhibits sought to be used with the witness.  By **9:00 p.m. CT** two

calendar days before the deposition testimony is expected to be read or played in court, the first party shall identify its objections to the receiving party's designated testimony and any objections to the trial exhibits to be offered through that witness's designated deposition testimony.  The parties shall meet and confer at **10:00 p.m. CT** that same day to attempt to resolve any objections, with any objections that cannot be resolved to be raised with the Court the day before the deposition testimony is expected to be read or played.

(111)   The party offering a witness shall identify any exhibits, by exhibit number, that it intends to use during direct examination of that witness by **7:00 p.m. CT** two calendar days before the trial day the witness is called (*e.g.*, by 7:00 p.m. CT on Monday for a witness who will be called on Wednesday).  The receiving party shall provide objections to such exhibits by **9:00 p.m. CT** that same day, and the parties shall meet and confer on any objections by **10:00 p.m. CT** that same day to resolve any evidentiary objections to such exhibits as well as any objections to the public disclosure of such exhibits, and shall discuss whether the producing party intends to request the Court to take any cautionary measures (*e.g.*, clearing the Courtroom, sealing the record, etc.).  Exhibits to be used during a party's examination of a witness called by the other party, or solely for impeachment purposes, need not be identified in advance.

(112)   Each side will disclose graphical, illustrative, or demonstrative material that will be shown to the trier of fact during the testimony of a witness called by that side by **7:00 p.m. CT** the calendar day before the witness is called (for example, by **7:00 p.m. CT** on Tuesday for a witness who will be called on Wednesday).  Demonstratives to be used during a party's examination of a witness called by the other party, or solely for impeachment purposes, need not be identified in advance.  The receiving party shall provide objections to such demonstratives by **9:00 p.m. CT**

that same day, and the parties shall meet and confer on any objections at **10:00 p.m. CT** that same day.

(113)   For any written discovery (interrogatory responses or responses to requests for admission) and/or stipulations that a party intends to read into the record, the party shall, by **12:00 p.m. CT** one calendar day prior to the date the party intends to read such written discovery and/or stipulations, identify to the other side the written discovery and/or stipulations, including by specific request/interrogatory number and/or pages that it expects to read during trial.  By **9:00 p.m. CT**, the receiving party shall identify its objections to the disclosed written discovery and/or stipulations.[14]   The parties shall meet and confer at **10:00 p.m. CT** that same day to attempt to resolve any objections, with any objections that cannot be resolved to be raised with the Court the day the written discovery and/or stipulations is expected to be read.

(114)   The parties shall make good faith efforts to resolve objections over the use of identified witnesses, testimony, exhibits, and demonstratives by participating in a meet and confer following the identification of and objection to witnesses, testimony, exhibits, and demonstratives each day at **10:00 p.m. CT**, unless otherwise agreed.  To the extent any objections or disputes remain pending after the meet and confer, by **7:00 a.m. CT** the next court day, unless otherwise agreed, the parties will provide to the Court a single-spaced, two-page submission identifying each issue that the party intends to raise with the Court that day.  For avoidance of doubt, this paragraph

---

[14] It is Intel's position that the receiving party should be able to designate, and the designating party should present to the jury at one time, the portions of the written discovery and/or stipulation that have not been designated but which, in fairness, should be read at the same time for completeness.  As a consequence, Intel reserves the right to object to the completeness of any response or stipulation designated by VLSI and to ask that undesignated portions be read to the jury with portions designated by VLSI.

applies only to the witness, deposition designation, exhibit, and demonstrative disclosures described in paragraphs (110)-(113) above.

(115)   At **9:00 p.m. CT** after each trial day, for each witness called by a party that day, the party that called the witness will provide the other party with a list of exhibits that were admitted into evidence during the testimony of that witness, including during any direct, cross, redirect, and recross examinations.  To the extent there are any additions or modifications to the proposed list of admitted exhibits, the parties shall discuss at **10:00 p.m. CT** that same day.   The following trial day, the party offering the witness shall read the list of admitted exhibits into the record and provide a flash drive containing only the admitted exhibits to the Clerk of the Court. To the extent that any exhibit will be submitted in a form other than that previously disclosed (e.g., with additional redactions), the party providing the flash drive shall provide to the other party by **8:00 a.m. CT** that day the version of the exhibit it intends to submit to allow the other party to review any modifications in advance of the submission of the flash drive to the Court, and such exhibit shall not be submitted to the Court absent approval of the other party.

(116)   The parties will share any courtroom audio-visual equipment and will provide each other electronic versions of whatever they display immediately after the display.

(117)   The parties will arrange for an appropriate video stream of courtroom proceedings to be viewed by any individuals permitted to observe such proceedings.

## XI.   DISPUTED TRIAL CONDUCT PROVISIONS

(118)   [**Intel's Position:** A party's failure to introduce any designated deposition testimony shall not be commented on during trial.] [**VLSI's Position:** VLSI generally agrees that a party's failure to introduce designated deposition testimony should not be commented on during trial; however, if a party references or argues before the jury that any witness is not present at trial

to testify, the other party should be able to respond by pointing out that the first party could have played deposition testimony from that witness.]

## XII.   JURY MATERIALS

The parties' proposed jury instructions are attached as Exhibit 8.

VLSI's proposed verdict form, and Intel's objections thereto, are attached as Exhibit 9.

Intel's proposed verdict form, and VLSI's objections thereto, are attached as Exhibit 10.

VLSI's proposed half-page statement of the case, and Intel's objections thereto, are attached as Exhibit 11.

Intel's proposed half-page statement of the case, and VLSI's objections thereto, are attached as Exhibit 12.

VLSI's proposed voir dire questions, and Intel's objections thereto, are attached as Exhibit 13.

Intel's proposed voir dire questions, and VLSI's objections thereto, are attached as Exhibit 14.

## XIII.   LIST OF PENDING MOTIONS RELEVANT TO THE -255 CASE

| Date | D.I. | Motion: |
|------|------|---------|
| 10/8/2020 | 258 | Defendant Intel Corporation's Motion for Summary Judgement of No Pre-Complaint Damages Under 35 U.S.C. § 287 |
| 10/8/2020 | 268 | Defendant Intel Corporation's Opposed Daubert Motion To Exclude Plaintiff VLSI Technology LLC's Experts' Conclusory Doctrine Of Equivalents Analysis For U.S. Patent Nos. 7,606,983, 7,292,485, 6,366,522, And 6,633,187 |
| 10/8/2020 | 269 | Defendant Intel Corporation's Opposed Daubert Motion To Exclude Opinions Of Dr. Murali Annavaram Regarding Power And Performance Testing For The '187 Patent |

| Date | D.I. | Motion: |
|------|------|---------|
| 10/8/2020 | 270 | Defendant Intel Corporation's Opposed Daubert Motion To Exclude Opinions Of Dr. Michael Brogioli And Dr. Murali Annavaram Regarding Performance Testing For The '522 Patent |
| 11/10/2020 | 348 | ██████████████████████████████████████ ██████████████████████████████████████ ████████████████████ |
| 2/18/2021 | 429 | Plaintiff VLSI Technology LLC's Opposed Motion to Transfer Remaining Cases Back to Waco Pursuant to 28 U.S.C. § 1404(a) |
| 3/22/2021 | 440 | Defendant Intel Corporation's Opposed Motions *in Limine* |
| 3/22/2021 | 441 | Plaintiff VLSI Technology LLC's Resubmitted Motions in Limine |
| 3/22/2021 | 442 | Plaintiff VLSI Technology LLC's Motions in Limine |

## XIV.   PROBABLE LENGTH OF TRIAL AND ISSUES TO BE TRIED

### H.   VLSI's Position

VLSI's estimate of the probable length of the jury trial is 24 hours (exclusive of voir dire, opening, and closing), with 12 hours for each side. In the first *VLSI v. Intel* trial, which also involved two patents, the Court allotted 15 hours of trial time per side (as Intel proposes), but neither party used the full time: VLSI used approximately 12 hours and 45 minutes, and Intel used approximately 13 hours and 15 minutes.  VLSI believes 12 hours per side is entirely reasonable based on the parties' experience in the previous trial.

VLSI's proposal would provide each side with a fair and reasonable opportunity to present its case to the jury.  VLSI's proposal will also encourage the Parties to focus their case at trial on their strongest respective evidence.  This will assist the jury in better understanding the key issues

that they will be called to decide.  As with any patent trial, both sides here will have to substantially streamline their case even further for the jury.  To give just a few examples, both parties withdrew infringement and invalidity theories in advance of the first trial, and in this case Intel has submitted expert reports from four different damages experts, one of whom largely summarizes, and then endorses, the opinions of Intel's other three damages experts.  VLSI's proposal on trial time would discourage the Parties from presenting such largely duplicative testimony at trial, and hence is more respectful of the jury's and Court's time—indeed, Intel only called one of its four damages experts at the first trial.

Intel's counsel has acknowledged that "12 claims in a one-week trial we probably could do."  August 7, 2020 H'rg Tr. at 20:11-12.  Here, VLSI is asserting just 12 claims, only 4 of which are independent claims.  Thus, Intel agrees that approximately 24 total hours (one week) would be appropriate for trial.

## I.      Intel's Position

 Intel estimates the probable length of the jury trial is 30 hours (exclusive of voir dire, opening statements, and closing arguments), with 15 hours for each side.  As VLSI admits, VLSI is proposing an even fewer number of hours in this trial than the parties were allotted or used in the first trial, despite the fact that there are a greater number of issues here, including, for example, invalidity arguments for each asserted patent that rely on multiple prior art references.

VLSI currently assert 12 claims across two patents.[15]  VLSI has repeatedly asserted that each claim is "unique" and presents "unique issues of infringement or validity."  *See, e.g.*, August

---

[15] VLSI is asserting 12 claims, and its emphasis that only a subset of those claims are independent is misleading.  Indeed, VLSI argued to the Court for the ability to assert a greater number of claims and could have, but chose not to, assert fewer claims at trial.  *See generally* August 7, 2020 Hr'g Tr. at 20:7-13 (discussing VLSI's proposal to assert 25 claims at trial).

7, 2020 Hr'g Tr. at 14:4-9.  The parties have further identified 19 witnesses on their "will call" lists and 20 witnesses on their "may call" lists, nearly 6,500 exhibits (of which VLSI identified nearly 5,500 exhibits), and thousands of deposition designations.  VLSI has refused to further narrow its case.  VLSI's proposed time allotment suggestion would be unworkable for the case VLSI has elected to bring.  The asserted '522 and '187 Patents are complicated and the claims are lengthy.  Likewise, the accused Intel products are some of the most complex technologies in the world, as VLSI's experts concede, and VLSI has accused six different product families of infringing the asserted patents.  VLSI is also intending to present a ███████████████ ███████████████████████████████.  For example, VLSI's model ███████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ███████████████████████████████████

Intel agrees that the parties should and will streamline their cases in multiple ways and does not intend to offer duplicative or overlapping testimony.  But even after that streamlining, the sheer number of issues across the 12 asserted claims from two different patents and a complicated, ████████████████████ demand will necessitate at least the 15 hours per side that Intel is requesting.

- 33 -

## XV.    OTHER ISSUES

(119)    The Parties agree that witnesses who are unable to travel for the trial due to COVID-19 travel restrictions or are unwilling or unable to travel due to concerns about health and safety may be called via live videoconference.  To the extent that any party intends to offer testimony in this fashion, it will provide an initial identification of such witnesses to the best of its ability at least 14 calendar days before the scheduled start of trial, and a final supplemental identification, if necessary, at least 7 calendar days before the scheduled start of trial.  The parties reserve the right to make amendments to their identifications in view of events or circumstances arising after the date on which they are provided.

## XVI.   COVID-19 SAFETY PROTOCOL

(120)    The parties' agreed upon COVID-19 safety protocol is attached hereto as Exhibit 15.

## XVII.  CERTIFICATIONS

The undersigned counsel for each side of the Parties in this action do hereby certify and acknowledge the following:

(121)    Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(122)    Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

(123)    Each exhibit in the List of Exhibits herein:

      (a)    is in existence;

      (b)    is numbered; and

      (c)    has been disclosed and shown to opposing counsel.

Approved as to form and substance:


Dated: March 29, 2021                    By:      _/s/ Andy Tindel_____


Morgan Chu (*pro hac vice*)              J. Mark Mann (Texas Bar No. 12926150)
Benjamin W. Hattenbach  (*pro hac vice*) mark@themannfirm.com
Iian D. Jablon  (*pro hac vice*)         G. Blake Thompson (Texas Bar No.
Alan J. Heinrich  (*pro hac vice*)       24042033)
Ian Robert Washburn  (*pro hac vice*)    blake@themannfirm.com
Amy E. Proctor  (*pro hac vice*)         **MANN | TINDEL | THOMPSON**
Dominik Slusarczyk  (*pro hac vice*)     300 W. Main Street
Elizabeth C. Tuan  (*pro hac vice*)      Henderson, TX 75652
Charlotte J. Wen  (*pro hac vice*)       Telephone:  (903) 657-8540
Brian Weissenberg  (*pro hac vice*)      Facsimile:  (903) 657-6003
Benjamin Monnin  (*pro hac vice*)
Jordan Nafekh  (*pro hac vice*)          Andy Tindel (Texas Bar No. 20054500)
**IRELL & MANELLA LLP**                  atindel@andytindel.com
1800 Avenue of the Stars, Suite 900      **MANN | TINDEL | THOMPSON**
Los Angeles, California  90067           112 E. Line Street, Suite 304
Telephone: (310) 277-1010                Tyler, Texas 75702
Facsimile: (310) 203-7199                Telephone: (903) 596-0900
mchu@irell.com                           Facsimile:  (903) 596-0909
bhattenbach@irell.com
ijablon@irell.com                        Craig D. Cherry (Texas Bar No. 24012419)
aheinrich@irell.com                      craig@swclaw.com
iwashburn@irell.com                      **STECKLER, WAYNE, COCHRAN,**
aproctor@irell.com                       **CHERRY, PLLC**
dslusarczyk@irell.com                    8416 Old McGregor Road
etuan@irell.com                          Waco, Texas 76712
cwen@irell.com                           Telephone: (254) 651-3690
bweissenberg@irell.com                   Facsimile:  (254) 651-3689
bmonnin@irell.com
jnafekh@irell.com                        *Attorneys for VLSI Technology LLC*


Babak Redjaian  (*pro hac vice*)
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, California   92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
bredjaian@irell.com

By: ___*/s/ Steve Ravel*_____

William F. Lee (*pro hac vice*)
Louis W. Tompros (*pro hac vice*)
Kate Saxton (*pro hac vice*)
Joseph Mueller (*pro hac vice*)
Felicia H. Ellsworth (*pro hac vice*)
Jordan L. Hirsch (*pro hac vice*)
Thomas Lampert (*pro hac vice*)
James M. Lyons  (*pro hac vice*)
George F. Manley  (*pro hac vice*)
**WILMER CUTLER PICKERING HALE &**
   **DORR LLP**
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
william.lee@wilmerhale.com
louis.tompros@wilmerhale.com
kate.saxton@wilmerhale.com
joseph.mueller@wilmerhale.com
felicia.ellsworth@wilmerhale.com
jordan.hirsch@wilmerhale.com
thomas.lampert@wilmerhale.com
james.lyons@wilmerhale.com
george.manley@wilmerhale.com

Gregory H. Lantier (*pro hac vice*)
Amanda L. Major (*pro hac vice*)
Joshua L. Stern (*pro hac vice*)
**WILMER CUTLER PICKERING HALE &**
   **DORR LLP**
1875 Pennsylvania Avenue
Washington DC 20006
Tel: (202) 663-6000
gregory.lantier@wilmerhale.com
amanda.major@wilmerhale.com
joshua.stern@wilmerhale.com

Mary V. Sooter (*pro hac vice*)
**WILMER CUTLER PICKERING HALE &**
   **DORR LLP**
1225 17th Street, Suite 2600
Denver, CO 80202
Tel: (720) 274-3164

J. Stephen Ravel (Texas Bar No. 16584975)
**KELLY HART & HALLMAN LLP**
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
steve.ravel@kellyhart.com

James E. Wren (Texas Bar No. 22018200)
1 Bear Place, Unit 97288
Waco, Texas 76798
Tel: (254) 710-7670
james.wren@baylor.edu

Harry L. Gillam, Jr. (Texas Bar No. 07921800)
GILLAM & SMITH L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
gil@gillamsmithlaw.com

*Attorneys for Intel Corporation*

mindy.sooter@wilmerhale.com

Jeffrey A. Dennhardt (*pro hac vice*)
**WILMER CUTLER PICKERING HALE &**
   **DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 295-6293
jeffrey.dennhardt@wilmerhale.com

Anh-khoa Tran
Arthur W. Coviello (*pro hac vice*)
Alexis Pfeiffer (*pro hac vice*)
**WILMER CUTLER PICKERING HALE &**
   **DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel: (650) 858-6000
arthur.coviello@wilmerhale.com
khoa.tran@wilmerhale.com
alexis.pfeiffer@wilmerhale.com

## <u>CERTIFICATE OF SERVICE</u>

A true and correct copy of the foregoing instrument was served or delivered electronically via email, to all counsel of record, on March 29, 2021.

/s/    *Jordan Nafekh*
Jordan Nafekh

10922853