IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>INTEL CORPORATION,<br><br>            Defendant. | Civil Action No. 6:21-cv-00299-ADA<br><br>███████████████ |

**DEFENDANT INTEL CORPORATION'S APRIL 13, 2021 SUBMISSION REGARDING
OBJECTIONS AND ISSUES TO RAISE WITH THE COURT**[1]

---

[1] Intel reserves all objections made to VLSI's disclosures even if not raised in this submission.

1.  **Dr. Sullivan's New and Improper Opinion and Testimony Should be Precluded.**

Dr. Sullivan's opinion and testimony should be excluded for the reasons set forth in Intel's Renewed *Daubert* Motion to Exclude Dr. Sullivan's Testimony (Dkt. 469). Dr. Sullivan's new opinion ▇▇▇▇▇▇—is based on a hedonic regression analysis that is wholly disconnected from the accused products. In fact, ▇ of all the transactions involving the accused products that Dr. Sullivan includes in his regression occurred outside of the damages period, and Dr. Sullivan purports to determine damages for Intel's 2020 sales ▇▇▇▇▇▇▇▇▇▇▇▇ in his regression. Dr. Sullivan's testimony violates well-established Federal Circuit law holding that patent damages must be based only on the value of the specific accused features of the accused products—and cannot be based upon the value of non-accused features or products. *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1315 (Fed. Cir. 2011) ("The patentee bears the burden of proving damages. To properly carry this burden, the patentee must sufficiently [tie the expert testimony on damages] to the facts of the case. If the patentee fails to tie the theory to the facts of the case, the testimony must be excluded."). Dr. Sullivan's testimony should be excluded in full.

2.  **Dr. Sullivan's Demonstratives Regarding Sales Outside the Damages Period Should be Excluded [PDX8.6; PDX8.44-46; PDX8.63-65].**

These demonstratives refer to unit sales and revenues *outside of the damages period*. PDX8.63-65 disclose ▇▇▇▇▇▇ of "pre-notice unit sales," which includes six years of sales outside the damages period, and PDX8.44-46 and PDX8.64 list ▇▇▇▇▇▇ in revenues from sales outside the damages period. This is improper. Intel MIL 20 (Dkt. 469). Because the Court granted Intel's motion for summary judgment of no pre-complaint damages, the damages period now begins on March 1, 2019. Dr. Sullivan should not be permitted to offer demonstratives or testimony about unit sales or revenues before that date. Allowing him to refer to "pre-suit" unit sales or revenues could confuse the jury into (1) improperly believing it should consider sales or revenues from before March 1, 2019, even though those sales and revenues fall outside the damages period, (2) improperly inflating the damages award, or (3) incorrectly believing that Intel is improperly refusing to pay damages for the period before March 1, 2019. Rule 403 is intended to preclude this type of prejudice and jury confusion. *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (noting need to avoid unfair prejudice under FRE 403 based on "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one").

3.  **Dr. Sullivan's Slides Violating Intel MIL 12 Should Be Precluded [PDX8.5-6].**

PDX8.5-6 violate Intel's granted MIL 12, which prevents VLSI from referring to overall revenues and sales for the accused products. PDX8.5 purports to list the "average price" for the accused products, and PDX8.6, the very next slide, lists total accused unit sales—which the jury simply needs to multiply to derive a total revenue number. Given that VLSI has not even attempted to satisfy the "entire market value rule" by showing the accused features are the basis for customer demand, this would be improper and prejudice the jury's damages determination. *See Uniloc*, 632 F.3d at 1319-20. Moreover, Dr. Sullivan admitted that it is not necessary for him to disclose total accused product revenues to explain his calculations or damages opinion. Sullivan Rpt. ¶ 283 n.478 (number "does not require disclosure of accused sales").

4. **Improper Exhibits Included in Dr. Sullivan's Demonstratives Should be Precluded [PDX8.6; PDX 8.16-17; PDX8.20-21; PDX8.44-46].**

These slides disclose portions of improper and objectionable exhibits. PDX8.6 refers to PTX-3904, which discloses unit sales from six years outside the damages period. PDX8.16-17 cite PTX-2617-18, which are 10-Ks that refer to Intel's total company revenues, in violation of the Court's ruling on Intel's MIL 11. PDX8.20-21 cite ten exhibits that disclose overall company revenues and financial performance in violation of Intel's MIL 11, sales from outside the damages period, and total revenues for the accused products in violation of Intel's MIL 12. PDX8.44-46 cite PTX-3910, which lists total accused revenues and revenues from outside the damages period. Dr. Sullivan should not be permitted to introduce these exhibits or discuss their content.

5. **VLSI's Objections to Intel Demonstratives DDX-3.10-14 Are Without Merit.**

DDX-3.10-14 depict factual information about (1) products that include Intel processors, and (2) the locations and sizes of Intel's global manufacturing sites. DDX-3.10-11 are nearly identical to slides in Intel's opening demonstratives that the Court approved over VLSI's objection, consistent with its ruling on VLSI's MIL 3.2, which only excluded philanthropy or reputation evidence. 4/12 Tr. (Rough) at 13:15-23, 14:10-20. The remaining three demonstratives contain public information regarding Intel's manufacturing locations—exactly the type of background information the Court allowed both parties to discuss, *id.*, and that VLSI has already offered for SigmaTel and NXP, *e.g., id.* at 46:15-18, 93:16-23, 96:4-6, 100:7-13, 102:14-17, 151:7-16, 152:10-12, 153:2-6, 155:2-6, 156:13-158:1, 159:25-160:4, 161:24-162:14, 164:13-165:8.

6. **Intel Witnesses May Properly Testify Regarding Intel's Cold Reset Feature.**

VLSI claims that Intel is precluded from addressing Intel's "cold reset" feature because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ But evidence and argument regarding cold reset (in the patent or in Intel's products) is permissible inasmuch as: (1) the '187 patent arose out of work on and claims cold reset processes, which is highly relevant to Intel's noninfringement defenses given that VLSI's remaining accusations are directed to a C6 low power state that has nothing to do with cold reset, (2) the jury has already heard considerable evidence about "cold reset" or "cold boot," both in general and in the specific context of Intel's products, all without objection from VLSI, *e.g.*, 4/12 Tr. (Rough) at 85:18-23, 287:25-288:1, 286:11-20, 287:15-23, 287:2-4, and (3) prior art patents on which Intel intends to rely are cold reset patents, *id.* at 79:14-15.

7. **Objection to Hearsay Evidence from Former Apple CEO Steve Jobs and Other Unidentified "Customers" [PDX7.25]**

PDX7.25 refers to purported statements by "Intel and its customers," accompanied by a photograph of former Apple CEO Steve Jobs and a graph comparing the projected "performance per watt" of Intel and PowerPC processors in mid-2006. The demonstrative, presented without context, is irrelevant, likely to confuse the jury, and constitutes inadmissible hearsay for which VLSI has identified no exception. Fed. R. Evid. 803, 804.

Dated: April 13, 2021

OF COUNSEL:

William F. Lee (*Pro Hac Vice*)
Louis W. Tompros (*Pro Hac Vice*)
Kate Saxton (*Pro Hac Vice*)
WILMER CUTLER PICKERING HALE
   & DORR LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Email: william.lee@wilmerhale.com
Email: louis.tompros@wilmerhale.com
Email: kate.saxton@wilmerhale.com

Gregory H. Lantier (*Pro Hac Vice*)
Amanda L. Major (*Pro Hac Vice*)
WILMER CUTLER PICKERING HALE
   & DORR LLP
1875 Pennsylvania Avenue
Washington DC 20006
Tel: (202) 663-6000
Email: gregory.lantier@wilmerhale.com
Email: amanda.major@wilmerhale.com

Respectfully submitted,

*/s/ J. Stephen Ravel*
J. Stephen Ravel
Texas State Bar No. 16584975
Kelly Ransom
Texas State Bar No. 24109427
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
Email: steve.ravel@kellyhart.com
Email: kelly.ransom@kellyhart.com

James E. Wren
Texas State Bar No. 22018200
1 Bear Place, Unit 97288
Waco, Texas 76798
Tel: (254) 710-7670
Email: james.wren@baylor.edu

Harry L. Gillam, Jr.
Texas State Bar No. 07921800
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Email: gil@gillamsmithlaw.com

*Attorneys for Intel Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via electronic mail on April 13, 2021.

*/s/ J. Stephen Ravel*
J. Stephen Ravel