**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

VLSI TECHNOLOGY LLC,

Plaintiff,

v.

INTEL CORPORATION,

Defendant.

**Case No.**: 6:21-cv-299

**JURY TRIAL DEMANDED**

**VLSI TECHNOLOGY LLC'S OPPOSITION TO INTEL'S MOTION IN LIMINE NO. 20 TO EXCLUDE REFERENCE TO PRE-SUIT INFRINGEMENT**

Contrary to Intel's claim, Intel's latest motion in *limine* to exclude "alleged damages information from before the start of the damages period," Mot. at 1, is not necessary to "activate" the Court's summary judgment ruling on marking. Instead, it is undisputed that VLSI is following that Court order and limiting its damages calculations to post-notice sales. *See* Mot. at 2 n.3; Apr. 6, 2021 Hr'g Tr. (rough) at 96:15-19. But Intel's motion goes much further—it asks the Court to conceal the incredible extent of Intel's infringement by excluding "***any*** references" to Intel's pre-notice infringement. This relief would contradict both the patent statute and the Federal Circuit.

The controlling law is clear: pre-notice infringement is part of an infringer's whole infringement, and is thus directly relevant to the calculation of post-notice damages:

> [W]hile the marking statute precludes ***recovery*** of damages for pre-notice infringement… Even the infringer's pre-notice infringing activity is part of her whole infringement, and ***it is the whole of her infringement which we must consider in calculating damages*** for legally compensable post-notice infringement.

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1379 (Fed. Cir. 2013) (emphasis added). The Federal Circuit has likewise emphasized that the marking statute cannot define infringement, and that "pre-notice infringement is still infringement":

> The marking statute provides a temporal limitation on ***damages*** for infringement. It does not define—nor does it redefine—acts of infringement. That task is left to 35 U.S.C. § 271(a), which provides that 'whoever without authority makes, uses, offers to sell, or sells any patented invention ... infringes the patent.' … Indeed, ***pre-notice infringement is still infringement***.

*Id.* (quoting 35 U.S.C. § 271(a)) (first emphasis in original).

The *Power Integrations* case, which represents an explicit rejection of the notion that pre-notice activity is irrelevant to a proper assessment of damages, is directly on point. In *Power Integrations*, the patentee argued that the district court "erred in excluding evidence of pre-notice market data for use in calculating damages for Fairchild's infringement that occurred after the notice date." *Id.* at 1378. Here, as in *Power Integrations*, pre-notice activity is directly relevant to the

assessment of damages. For example, a number of the *Georgia-Pacific* factors relate to this value. *See, e.g.*, *Georgia-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1119-20 (S.D.N.Y. 1970) (Factor 8: "[t]he established profitability of the product made under the patent; its commercial use"; Factor 11: "[t]he extent to which the infringer has made use of the invention; and any evidence probative of the value of that use"). As another example, Intel is attempting to make qualitative arguments regarding the alleged lack of value of VLSI's patents, including by disparaging the usefulness and success of the inventions and the accused features.[1] Evidence of the many years of high-volume, pre-notice sales of accused FIVR products is directly relevant to rebutting those opinions. If this motion were granted, Intel would be allowed to disregard and disclaim years of infringing activity, and instead present a skewed and incomplete picture of the facts, in which Intel sold accused products for the first time in early 2019. That is both unduly prejudicial to VLSI's trial presentation and in contravention of the law.

It is also well-settled that the hypothetical negotiation occurs "when the infringement began," irrespective of the damages period and of the marking statute. *Wang Labs, Inc. v. Toshiba Corp.*, 993 F.2d 858, 870 (Fed. Cir. 1993) ("[F]ailure to mark patented goods is a limitation on recovery of damages, in the absence of notice. However, ***the [district] court confused limitation on damages due to lack of notice with determination of the time when damages first began to accrue***, and ***it is the latter which is controlling*** in a hypothetical royalty determination." (emphasis added)). Consistent with that law, the hypothetical license negotiated by the parties on that date would

[1] For example, Intel's technical damages expert, Dr. Robert Colwell, and Intel's expert for the '187 Patent, Dr. Steven Leeb, both make various claims suggesting that the '522 and '187 Patents, and the FIVR feature, do not have value. *See, e.g.*, D.I. 276 (No. 1:19-977-ADA, VLSI's *Daubert* Motion to Exclude Damages-Related Testimony) at 15-17 & nn.5-6; D.I. 276-17, Colwell Reb. Rpt. ¶¶ 110 [REDACTED] 130 [REDACTED] D.I. 295-28, Leeb Reb. Rpt. ¶ 365 ([REDACTED]).

consider the ***full scope*** of infringement beginning on that date. *See id.* The marking statute simply limits the ***amount of damages*** that is available for recovery. Here, it is undisputed that the hypothetical negotiations in this case take place prior to the notice date. *E.g.*, D.I. 243-9 (No. 19-cv-977-ADA), Hance Huston (Intel Expert) -255 Rpt. ¶ 5 [redacted] *id.* ¶¶ 1247-59. It thus follows that those sales would have been relevant to any analysis of the hypothetical negotiation.

Evidence of Intel's pre-notice infringement is also relevant to ***other*** issues in this case—including infringement and objective indicia of non-obviousness. Intel wants to use the marking statute—"a ***temporal*** limitation on ***damages*** for infringement," not infringement itself—to prevent the jury from hearing about the hundreds of millions of accused products that it successfully marketed and sold in the pre-notice period. But it is well-settled, for example, that the commercial success of an infringing product is highly relevant to objective indicia of non-obviousness, which "***must*** be considered," *InTouch Techs., Inc. v. VGO Commc'ns, Inc.*, 751 F.3d 1327, 1347-48 (Fed. Cir. 2014), and courts have held that infringement from outside the legal damages period is admissible evidence of non-obviousness. *See, e.g., Alfred E. Mann Found. for Sci. Rsch. v. Cochlear Corp.*, No. CV 07-8108 FMO (SHX), 2014 WL 12586105, at *13-15 (C.D. Cal. Jan. 3, 2014) (holding that pre-damages sales were admissible as "relevant to whether the asserted claims of the patents-in-suit are obvious"); *Philippi-Hagenbuch, Inc. v. W. Tech. Servs. Int'l, Inc.*, No. 12-CV-1099, 2013 WL 2419934, at *3 (C.D. Ill. June 3, 2013) (granting motion to compel production of evidence relating to pre-damages products as relevant to non-obviousness). Exclusion of this evidence would unduly prejudice VLSI's trial presentation and allow Intel to present a narrative in which VLSI's patents are artificially devalued and unfairly challenged, in violation of still further Federal Circuit authority. *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors*

*USA, Inc.*, 617 F.3d 1296, 1305 (Fed. Cir. 2010) ("[A] district court ***must*** always consider any objective evidence of nonobviousness presented in a case." (emphasis in original)).

Intel's motion cites no controlling authority in its favor, because there is none. Its lone cited case—an out-of-district case about "size, wealth, or overall revenues," Mot. at 2, does not even relate to the issue of pre-notice infringement, whose relevance to damages the Federal Circuit has explicitly acknowledged and affirmed. Intel's motion should be denied.

Dated: April 9, 2021

By: */s/ Andy Tindel*

Morgan Chu (*pro hac vice*)
Benjamin W. Hattenbach (*pro hac vice*)
Iian D. Jablon (*pro hac vice*)
Alan J. Heinrich (*pro hac vice*)
Ian Robert Washburn (*pro hac vice*)
Amy E. Proctor (*pro hac vice*)
Elizabeth C. Tuan (*pro hac vice*)
Dominik Slusarczyk (*pro hac vice*)
Charlotte J. Wen (*pro hac vice*)
Brian Weissenberg (*pro hac vice*)
Benjamin Monnin (*pro hac vice*)
Jordan Nafekh (*pro hac vice*)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
mchu@irell.com
bhattenbach@irell.com
ijablon@irell.com
aheinrich@irell.com
iwashburn@irell.com
aproctor@irell.com
etuan@irell.com
dslusarczyk@irell.com
cwen@irell.com
bweissenberg@irell.com
bmonnin@irell.com
jnafekh@irell.com

Babak Redjaian (*pro hac vice*)
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, California 92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
bredjaian@irell.com

J. Mark Mann (Texas Bar No. 12926150)
mark@themannfirm.com
G. Blake Thompson (Texas Bar No. 24042033)
blake@themannfirm.com
**MANN | TINDEL | THOMPSON**
300 W. Main Street
Henderson, TX 75652
Telephone: (903) 657-8540
Facsimile: (903) 657-6003

Andy Tindel (Texas Bar No. 20054500)
atindel@andytindel.com
**MANN | TINDEL | THOMPSON**
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909

Craig D. Cherry (Texas Bar No. 24012419)
craig@swclaw.com
**STECKLER, WAYNE, COCHRAN, CHERRY, PLLC**
100 N. Ritchie Road, Suite 200
Waco, Texas 76701
Telephone: (254) 776-3336
Facsimile: (254) 776-6823

*Attorneys for VLSI Technology LLC*

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing instrument was served or delivered electronically via email, to all counsel of record, on April 9, 2021.

/s/ *Charlote J. Wen*
Charlotte J. Wen