# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| VLSI TECHNOLOGY LLC, <br><br> Plaintiff, <br><br> v. <br><br> INTEL CORPORATION, <br><br> Defendant. | Civil Action No. 6:21-cv-00299-ADA <br><br> JURY TRIAL DEMAND |

## VLSI'S SUMMARY OF DISPUTES FOR RESOLUTION ON APRIL 12, 2021 (FROM MEET AND CONFERS ON APRIL 10, 2021 AND APRIL 11, 2021)

VLSI notes that it is filing the present, 6-page brief (rather than a 2-page brief) because Intel has refused to abide by the agreed Pre-Trial Order ("PTO"), which provides that "the parties will provide to the Court a *single-spaced, two-page submission identifying each issue that the party intends to raise with the Court that day*." *See* D.I. 450 (PTO) at ¶ 114.

**VLSI Objections to Intel Exhibits of Expert Reports from Other Experts in Other Cases**

### 1. DTX-1086 and DTX-1087

The PTO requires that "the parties shall exchange updated exhibit lists and witness lists 14 days prior to trial" (¶ 86) and that "both parties reserve the right to seek leave to supplement their respective exhibit list" (¶ 94). Intel served DTX-1086 and DTX-1087 yesterday without explanation.

DTX-1086 ("Expert Report of M.J. Callahan Jr., re U.S. Patent Nos. 6,366,522 and 6,633,187") and DTX-1087 ("Rebuttal Expert Report of M.J. Callahan Jr., re U.S. Patent Nos. 6,366,522 and 6,633,187") are expert reports from an unrelated ITC investigation in 2004. The reports involve the patents-in-suit, but discuss issues including the expert's opinion on certain claim construction issues, whether a different company selling different patents (years before Intel's release of the accused products in this case) infringed the patents, and opinions rebutting different invalidity theories than Intel raises here.

These exhibits violate this Court's rulings, binding precedent, and Intel's own legal arguments. Nonetheless, Intel would not agree during meet-and-confer to provide notice to VLSI before offering these exhibits. Intel argues that the exhibits are admissible including but not limited to for impeachment of VLSI's witness. VLSI strongly disagrees.

Because these exhibits are inadmissible on multiple independent grounds, and because of the substantial risk of undue prejudice if Intel were to introduce these reports, VLSI requests that the Court preclude Intel from offering these exhibits into evidence under any circumstances, including through purported "impeachment" of VLSI witnesses.

#### a. DTX-1086 and DTX-1087 Are Impermissible Hearsay

Expert reports from another case cannot be admitted "*even as impeachment evidence* unless the testifying expert based his opinion on the opinion in the examined report or testified directly from the report." *Bryan v. John Bean Div. of FMC Corp*., 566 F.2d 541, 546–47 (5th Cir. 1978)*; Balfour Beatty Rail, Inc. v. Kansas City S. Ry. Co.,* 173 F. Supp. 3d 363, 413 (N.D. Tex. 2016), aff'd as modified and remanded, 725 F. App'x 256 (5th Cir. 2018) ("Generally, expert reports are inadmissible hearsay "); *Polythane Sys. v. Marina Ventures Int'l*, 993 F.2d 1201, 1207–09 (5th Cir. 1993) ("admission of [expert]'s report was error"); *see, also, In re Hanford Nuclear Reservation Litig.,* 534 F.3d 986, 1012 (9th Cir. 2008) ("We agree with the Fifth Circuit that reports of other experts *cannot be admitted even as impeachment evidence* unless the testifying expert based his opinion on the hearsay in the examined report or testified directly from the report.").

Here, none of VLSI's experts "based his opinion on the opinion in the examined report or testified directly from the report." *Bryan*, 566 F.2d at 546-57. DTX-1086 and DTX-1087 should be excluded.

#### b. DTX-1086 and DTX-1087 Are Excluded Under The Court's Rulings

The Court granted "Intel's MIL No. 18: Exclude References To Expert Testimony In Other Cases" (D.I. 440-1). Intel's motion requested that the parties be precluded from offering argument or evidence or otherwise making any reference to the expert reports of any expert who was not offering opinions at this trial:

> Before the jury, both parties should be precluded from offering any argument or evidence about, or otherwise making any reference to the deposition testimony or expert reports of experts who are not offering opinions at the -255 trial [because] statements made by experts who will not be testifying at trial constitute hearsay under FRE 801 and should be excluded.

D.I. 440-1 at 43. In support of its motion *in limine* (D.I.362), which Intel resubmitted as D.I. 440-1, Intel argued that out of court statements by experts are inadmissible hearsay:

[REDACTED]

2021-01-20 Hrg. Tr. at 68:12-18. In granting Intel's motion, the Court already resolved this issue. Intel's repeated attempts to re-litigate the Court's rulings are improper—particularly here, where Intel first sought exclusion of expert reports such as these, but has now changed its mind.

### c. Conclusion

DTX-1086 and DTX-1087 are inadmissible and highly prejudicial. These reports are from a different forum (ITC) and discuss matters of law, such as claim construction, that should not be put before the jury, as well as facts that are not in any way relevant to this litigation. VLSI should not be forced to waste any further trial preparation time addressing these exhibits that Intel added to its exhibit list on the last day before the commencement of trial. VLSI requests the Court exclude DTX-1086 and DTX-1087 and prevent Intel from discussing these exhibits in any way.

## VLSI Objections to Intel Deposition Plays

### 2. Deposition Plays of Fact Witness Opinions on the VLSI Patents and Non-Infringement

Intel designated lengthy fact witness deposition testimony related to claim construction and whether Intel infringes the asserted patents. The Court has instructed the parties that fact witnesses will not be permitted to give opinions or talk about infringement:

> MR. WASHBURN: … Your Honor, we just want to clarify that Intel witness is not going to be standing up and testifying that the patents are not infringed.
>
> THE COURT: I don't know how I can say it any -- I've said three times… unless the witness has given you a report on infringement, they're not going to talk about infringement.

2021-04-06 Rough Hrg. Tr. at 41:12-20. The following testimony, and any other testimony by Intel fact witnesses directed at infringement, is excluded under the Court's ruling on VLSI's motion *in limine* 5.1 to exclude lay witness infringement opinions.

- Douglas 496:17-524:22
- Mulla 221:17-222:11
- Duerk 206:5-217:17, 224:19-225:14
- Samaan 197:21-205:19
- Rotem 276:14-281:20
- Borkowski 124:11-125:23; 142:9-144:20

### 3. Deposition Plays of Fact Witnesses Discussing Intel Patents

Testimony from Intel fact witnesses about specific Intel patents is highly prejudicial to VLSI. In response to VLSI's MIL 4.3, Intel stated that "to the extent the Court in this case applies its prior Order regarding VLSI's MIL No. 4.3 from the -057 case (over Intel's continuing objections), **Intel confirms that it** will not mention that it owns any specific patent during its

opening statement, and *will raise any specific Intel patent with the Court (and give VLSI the opportunity to object) before its witnesses identify such a patent as an Intel patent*." Intel should not be permitted to offer lengthy testimony about irrelevant Intel patents to the jury, including:

- Mulla 227:22-231:15
- Hayes 278:1-19
- Samaan 207:13-22
- Sistla 254:4-9
- Weismann 153:12-23
- Krishnamoorthy (TX) 194:5-14
- Gunther 164:20-165:1

## VLSI Objections to Intel Opening Demonstratives

### 4. Intel's Opening Demonstratives: DDX-1.12, 1.13, and 1.25

The Court granted VLSI's MIL No. 3.2 to exclude "Intel's Alleged Industry Reputation, Corporate Character, Philanthropy, and Benefits Provided To The World." *See,* 2021-04-06 Hrg. Tr. at 33:5-10 ("this is again one where it is a true motion in limine. What I mean by that is, I don't want Intel -- during opening argument [] to go into anything that's like this[.]"). Statements about purported use of Intel products in the medical profession and military are alleged benefits to the world that were expressly excluded from opening argument.

## VLSI Exhibits And Demonstratives: Responses to Intel Objections
## Mr. Spehar Exhibits and Demonstratives: Responses to Intel Objections

### 5. Exhibits PTX-0001, PTX-0002, PTX-0003, PTX-0004 (The '522 and '187 Patents)

These four exhibits are copies (PTX-0001 and PTX-0002 are ribbon copies) of the '522 and '187 Patents. Intel objects that the ribbon copies are allegedly incomplete, prejudicial, and irrelevant because they do not include the reexam certificate. VLSI disagrees. Such certificates are simply not a part of a ribbon copy, and Intel cannot provide any basis for arguing that the ribbon copies themselves are incomplete (they are not), unduly prejudicial, or irrelevant.

Additionally, Intel argues that there is no foundation for any of these basic documents. Intel is wrong. Mr. Spehar is a vice president at NXP, the company which owned and then assigned the patents to VLSI. Whether Mr. Spehar is familiar with the *inventions* described in the patents does not impact whether he can introduce documents from NXP's corporate files.

### 6. Exhibits PTX-5463, PTX-5464, PTX-5465, PTX-5466, PTX-5468, PTX-5469 (Patent Assignments)

These documents are the patent assignments either to or from NXP of the '522 and '187 Patents. Intel objects to each as allegedly being unduly prejudicial, lacking foundation, and as hearsay. Intel's arguments are meritless. Intel refused to stipulate to the most basic fact: that VLSI owns the '522 and '187 Patents. As such, Mr. Spehar may introduce documents from NXP corporate files demonstrating the assignment history of the patents. Intel's argument that this is somehow "prejudicial" makes no sense.

### 7. Exhibits PTX-5512

Intel contends this exhibit is hearsay. Not so. It is not being offered for the truth of the matters asserted, but rather just to show that statements were made (i.e., to show that praise was received).

### 8. Demonstrative PDX11.2

Intel objects to this demonstrative as irrelevant, prejudicial, and hearsay, despite that it was displayed to the jury in the -057 case over the same objections Intel asserts now. Intel's objections

here are again without merit. For example, Mr. Spehar is clearly able to speak to his own accomplishments; the document is kept within the ordinary course; and VLSI is not representing that the slide shows the *entire* document, which wouldn't fit on a slide.

### 9. Demonstratives PDX32, PDX33, PDX34 (Physical Chips)

Intel objects to these demonstratives (physical chips) because Mr. Spehar cannot testify as to them practicing the patents. However, as noted by VLSI during the meet and confer, Mr. Spehar will not testify that they practice the patents, but rather use them to provide background on NXP.

### Mr. Seaberg Exhibits and Demonstratives: Responses to Intel Objections

### 10. All Exhibits (including PTX-0001, PTX-0002, PTX-0003, PTX-0004, PTX-5136, PTX-5178, PTX-5497, PTX-5510, PTX-5510, PTX-5511)

Intel objects to all exhibits disclosed for Mr. Seaberg (which are primarily the patents and product specification sheets) as allegedly being outside the scope of Mr. Seaberg's allowed testimony, as well as prejudicial, irrelevant, lacking foundation, and untimely. Intel's across-the-board objections are improper and attempt to recraft this Court's order.

VLSI will not be using any exhibit in a manner contrary to the Court's order regarding the scope of Mr. Seaberg's testimony.

### 11. Demonstratives PDX12.A and PDX12.B (Physical Products)

Intel objects to these demonstratives to the extent VLSI intends to have Mr. Seaberg testify that these products practice the asserted patents. But as VLSI has noted, VLSI does not intend to do so. Intel nevertheless argues that the products are also inadmissible as outside the scope of the 35XX series. VLSI disagrees. Mr. Seaberg may present basic background information on Sigmatel's technology.

### Dr. Reinman Exhibits and Demonstratives: Responses to Intel Objections

### 12. Exhibits Generally

Intel objects to numerous exhibits as allegedly being irrelevant or hearsay. VLSI understands that Intel will raise these during Dr. Reinman's testimony, at which time VLSI will respond to each exhibit, all of which are plainly relevant and admissible.

### 13. Demonstratives PDX5.15, PDX5.29, PDX5.31, PDX5.39, PDX5.45, PDX5.56, PDX5.61, PDX5.64-5.65, PDX5.68-5.69, PDX5.73-5.75, PDX5.80-5.81, PDX5.90, PDX5.93, PDX5.97, PDX5.99, PDX5.108, PDX5.112, PDX5.121-5.122, PDX5.129, PDX5.135, PDX5.140, PDX5.143

Intel objects to each of these slides because they refer to deposition testimony *that VLSI has designated and for which VLSI has provided depo scripts.* Intel argues that the deposition must be played *before* the demonstrative is shown, but that is not what this Court's order requires: "But what my ruling is is that all of the experts, Intel's and VLSI's, if they are going to say, I am relying on information I obtained from X, of the information that they rely on has to be proffered in a sworn format to the jury." 2021-04-06 Hrg. Tr. 49:15-18; *id*. 70:25-71:5 (VLSI: "And your Honor said the way to do this is, you can have the expert on the stand … but you should play depositions at some point. You didn't have to play in advance. You could play later."); *id*. 71:22-24 (Intel: "We had just asked for a pretrial ruling that is consistent with the mid-trial ruling that you made last trial …"); 72:4 (Court: "I think we're in agreement."). As in the last trial, there was no temporal requirement, and to impose one here would serve little purpose but disruption.

### 14. Demonstratives PDX5.7, PDX5.8, PDX5.31

Intel generally argues that Dr. Reinman may not use or discuss anything about Sigmatel outside of the practicing products, and cannot supply background on Sigmatel and their work. For example, PDX5.7 reads in pertinent part: "SigmaTel's Solution: We are a provider of analog-intensive, mixed-signal ICs for a variety of products, including portable MP3 players, DVD players, digital TVs, and set-top boxes. We offer a complete, system-level solution including highly-integrated ICs …" Intel's position is directly at odds with much of its elicited testimony and many demonstratives used in the -057 case, and is at odds with Intel's own Opening Slides which attempt to argue general accomplishments and that Intel products—and not specifically those which practice the asserted VLSI patents—are used in a panoply of devices and industries. Intel may not have it both ways. Further, evidence of Sigmatel's success is relevant to objective indicia of non-obviousness (which isn't true for Intel's general "accomplishment" demonstratives). Even more odd is Intel's objection to PDX5.31, which discusses the 35XX chip that the parties *agree* practices the '187 Patent and is directly relevant to objective indicia.

### Dr. Sullivan Exhibits: Responses to Intel Objections

15. **Exhibits PTX-0338, PTX-0338-NAT, PTX-0339, PTX-0339-NAT, PTX-0814-NAT, PTX-0968, PTX-0968-NAT, PTX-1372, PTX-1489, PTX-1505, PTX-1533-NAT, PTX-1534, PTX-1558-NAT, PTX-1670-NAT, PTX-2163, PTX-2163-NAT, PTX-2164, PTX-2164-NAT, PTX-2165, PTX-2165-NAT, PTX-2166, PTX-2166-NAT, PTX-2167, PTX-2167-NAT, PTX-2168, PTX-2168-NAT, PTX-2169, PTX-2169-NAT, PTX-2170, PTX-2170-NAT, PTX-2171, PTX-2171-NAT, PTX-2172, PTX-2172-NAT, PTX-2173, PTX-2173-NAT, PTX-2174, PTX-2174-NAT, PTX-2175, PTX-2175-NAT, PTX-2176, PTX-2176-NAT, PTX-2177, PTX-2177-NAT, PTX-2178, PTX-2178-NAT, PTX-2179, PTX-2179-NAT, PTX-2180, PTX-2180-NAT, PTX-2181, PTX-2181-NAT, PTX-2182, PTX-2182-NAT, PTX-2183, PTX-2183-NAT, PTX-2184, PTX-2184-NAT, PTX-2185, PTX-2185-NAT, PTX-2186, PTX-2186-NAT, PTX-2616, PTX-2617, PTX-2618, PTX-4125, PTX-4125-NAT, PTX-4153, PTX-4153-NAT, PTX-4258, PTX-4258-NAT, PTX-4259, PTX-4259-NAT, PTX-4260, PTX-4260-NAT, PTX-4261, PTX-4261-NAT, PTX-4262, PTX-4262-NAT, PTX-4268, PTX-4269, PTX-4269-NAT, PTX-4270, PTX-4270-NAT, PTX-4271, PTX-4271-NAT, PTX-4273, PTX-4273-NAT, PTX-4274, PTX-4274-NAT, PTX-4275, PTX-4275-NAT, PTX-4276, PTX-4276-NAT, PTX-4324, PTX-4534, PTX-4536, PTX-4537, PTX-4538, PTX-4539, PTX-4540, PTX-4541, PTX-4542, PTX-4544, PTX-4545, PTX-4547, PTX-4549, PTX-4550, PTX-4551, PTX-4552, PTX-4553, PTX-4555, PTX-4556, PTX-4557 (Financial Data; Financial Summaries)**

Intel objects to *all* of its *own* financial data and virtually all summaries of financial data as allegedly precluded by one or more of three MILs: MIL 11 (exclude irrelevant and prejudicial references to Intel's size, wealth, and financial performance), MIL 12 (exclude reliance on irrelevant and prejudicial references to total revenues for the accused products), and MIL 20 (Intel's latest motion pending before the Court to exclude reference to pre-notice infringement). Intel's position is improper and untenable, including at least because the financial data used to determine damages in this case is by definition not irrelevant. Intel cannot preclude VLSI from presenting a damages case by alleging to be prejudiced by having numbers come in. This was made clear by Intel's presentation of its MIL 11 to the Court as relating only to "non-accused products." 2021-04-06 Hrg. Tr. 92:10-12. Similarly, for MIL 12, the Court noted that it would consider whether to admit evidence relating to Intel's total accused revenues depending on the purpose for which they are being offered. Here, the purpose is clearly appropriate: Dr. Sullivan is presenting the financial data used to calculate damages.

Further, to the extent Intel argues that exhibits should be precluded by MIL 20, the briefing is before the Court and VLSI incorporates those arguments by reference.

**16. Exhibits e.g. PTX-4533, PTX-4534, PTX-4535, PTX-4536, PTX-4537, PTX-4538, PTX-4539, PTX-4540, PTX-4541, PTX-4542, PTX-4543, PTX-4544, PTX-4545, PTX-4546, PTX-4547, PTX-4548, PTX-4549, PTX-4550, PTX-4551, PTX-4552, PTX-4553, PTX-4554, PTX-4555, PTX-4556, PTX-4557, PTX-4558, PTX-4559, PTX-4560, PTX-4561, PTX-4562, PTX-4563, PTX-4564, PTX-4565, PTX-4566, PTX-4567, PTX-4568 (1006 Summary Documents Attached to Report)**

In addition to attempting to exclude all of the raw financial data, Intel also is attempting to exclude Dr. Sullivan's summaries of the data. This is improper. These documents are not "expert reports," but rather proper 1006 summary charts of voluminous data including sales and revenue of the accused products. Such data is properly within the scope of FRE 1006. *See, e.g., See United States v. Bishop*, 264 F.3d 535, 547 (5th Cir. 2001). Intel has no valid basis on which to exclude these exhibits.

## Dr. Annavaram Exhibits: Responses to Intel Objections

**17. Exhibits PTX-0003, PTX-0004 (The Patents)**

Intel objects to the patents because Dr. Annavaram does not provide an infringement or validity opinion. However, use of a patent is not so limited. Dr. Annavaram does discuss in his report that he is aware of the patents and that his analysis is related to the patents. Although he personally did not conduct an *infringement* or *validity* analysis, his report analyzes and relates to the patents.

**18. Exhibit PTX-2477**

Intel objects to this exhibit as allegedly outside the scope of Dr. Annavaram's report. As discussed on the meet and confer, this exhibit is explicitly referenced in his report (at paragraph 108), and VLSI does not understand the basis for Intel's maintained objection.

## Deposition Plays: Responses to Intel Objections

**19. Deposition Plays for Michael and Marcus May (Inventors)**

Intel argues that VLSI may not play deposition testimony for Messrs. May because they are not "unavailable." However, this is contrary to the Court's ruling and the parties statements before this Court. In particular, the Court ruled that "If Intel can call the inventors at trial, then I'm not going to allow Intel to talk about the fact that they are absent. …" Intel responded "And VLSI did put in its original briefing that they could be called by deposition … in your last reasoning in the last case, when we discussed this same issue, I believe that you reasoned that the parties could play the deposition testimony …" VLSI then stated that the parties would each exchange designations and "views of other designations," and Intel agreed "Yes. I believe that –". The Court then again ruled "Intel can certainly play whatever parts of the depositions of those inventors they want" and that "Y'all will have to figure that out." 2021-04-06 Hrg. Tr. 47:18-48:9. Based on the statements to the Court, it appears the parties agreed that they could designate the inventor testimony.

Dated: April 12, 2021

By:  */s/ Andy Tindel*

Morgan Chu (*pro hac vice*)
Benjamin W. Hattenbach  (*pro hac vice*)
Iian D. Jablon  (*pro hac vice*)
Alan J. Heinrich  (*pro hac vice*)
Ian Robert Washburn  (*pro hac vice*)
Amy E. Proctor  (*pro hac vice*)
Dominik Slusarczyk  (*pro hac vice*)
Elizabeth C. Tuan  (*pro hac vice*)
Charlotte J. Wen  (*pro hac vice*)
Brian Weissenberg  (*pro hac vice*)
Benjamin Monnin  (*pro hac vice*)
Jordan Nafekh  (*pro hac vice*)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California   90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
mchu@irell.com
bhattenbach@irell.com
ijablon@irell.com
aheinrich@irell.com
iwashburn@irell.com
aproctor@irell.com
dslusarczyk@irell.com
etuan@irell.com
cwen@irell.com
bweissenberg@irell.com
bmonnin@irell.com
jnafekh@irell.com

Michael H. Strub, Jr.  (*pro hac vice*)
Babak Redjaian  (*pro hac vice*)
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, California   92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
mstrub@irell.com
bredjaian@irell.com

*Attorneys for VLSI Technology LLC*

J. Mark Mann (Texas Bar No. 12926150)
mark@themannfirm.com
G. Blake Thompson (Texas Bar No. 24042033)
blake@themannfirm.com
**MANN | TINDEL | THOMPSON**
300 W. Main Street
Henderson, TX 75652
Telephone: (903) 657-8540
Facsimile:  (903) 657-6003

Andy Tindel (Texas Bar No. 20054500)
atindel@andytindel.com
**MANN | TINDEL | THOMPSON**
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile:  (903) 596-0909

Craig D. Cherry (Texas Bar No. 24012419)
ccherry@haleyolson.com
**HALEY & OLSON, P.C.**
100 N. Ritchie Road, Suite 200
Waco, Texas 76701
Telephone: (254) 776-3336
Facsimile:  (254) 776-6823

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served by email to all counsel of record, on this 12th day of April 2021.

                                                                            /s/ *Andy Tindel*
                                                                            Andy Tindel