IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>                Plaintiff,<br><br>  v.<br><br>INTEL CORPORATION,<br><br>                Defendant. | Civil Action No. 6:21-cv-00299-ADA<br><br>JURY TRIAL DEMAND<br><br>█████████████ |

**VLSI'S SUMMARY OF DISPUTES FOR RESOLUTION ON APRIL 13, 2021**

### VLSI Objections to Intel Counter-Designation Deposition Plays

Intel designated lengthy deposition testimony related to awareness of the patents. Such testimony is improper and irrelevant, including under VLSI's MIL 5.1:

- Hayes 265:8-12, 267:24-25; Mulla 221:17-18, 221:21-22; Samaan 197:21-24, 198:3-5; Duerk 225:5-8, 225:11-14; Douglas 496:23-25, 499:16-18, 499:21-23

Intel also designated improper counters, irrelevant, and highly prejudicial testimony regarding Intel's patents, Intel's "thousands of features," and generally how great Intel is:

- Intel Patents: Mulla 227:22-228:1, 228:4-9; Samaan 207:13-17, 207:19-22; Sistla 254:4-9; Weissmann 153:12-13, 153:15; Krishnamoorthy 194:5-6, 194:9-12
- Intel Product "Thousands of Features": Mulla 222:13-16, 222:19-22
- General Praise: Mulla 231:1-2, 231:4-5, 231:9-15; Duerk 230:8-9, 230:12-13, 230:15, 230:18-23; Sistla 266:25-267:8

### VLSI Objections to Mr. King Demonstratives

1. **DDX3.12, DDX3.13, DDX3.14 (Slides Showing Factory Locations)**

These slides are improper as showing plants worldwide and then a manufacturing factory in Arizona. They are unduly prejudicial and misleading in ███████████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████ that Intel's products are providing an American benefit via manufacturing in the US (violative of at least VLSI MIL 3.2). These slides should not be permitted.

### VLSI Objections to Mr. Leeb Exhibit

2. **DTX-198 (Document Not In Report)**

Intel disclosed DTX-198, an Intel datasheet listed as being from March 2015, for Dr. Leeb. This is not cited in his report and is thus improper under FRCP 26. VLSI did not have an opportunity to depose Dr. Leeb or question him on his opinion as to this exhibit, as it was not disclosed in expert discovery. Providing testimony about this exhibit is thus improper and highly prejudicial.

### Dr. Annavaram Demonstratives: Responses to Intel Objections

1. **PDX 7.25**



Intel objects to the references in the slide to "Intel *and its customers*" in connection with term or concept of "performance per watt" as hearsay, as well as a photo of a comparison of performance per watt which includes Steve Jobs. Intel's objections are without merit. Dr. Annavaram may rely on hearsay evidence, and is further permitted to provide his assessment of the widespread use of the "performance per watt" metric.

### Dr. Sullivan Demonstratives: Responses to Intel Objections

1. **PDX8.5, PDX8.6, PDX8.12, PDX8.16, PDX8.17, PDX8.20, PDX8.21, PDX8.44, PDX8.45, PDX8.46, PDX8.63, PDX8.64, PDX8.65, PDX8.66**

Intel objects to its own financial data and own description of its market position as allegedly precluded by one or more of three MILS: MIL 11 (exclude *irrelevant* and prejudicial references to Intel's size, wealth, and financial performance), MIL 12 (exclude reliance on *irrelevant* and prejudicial references to total revenues for the accused products), and MIL 20 (Intel's latest motion

pending before the Court to exclude reference to pre-notice infringement—a motion which is without merit, *see, e.g.,* D.I. 476). Intel misuses and mischaracterizes the scope of the Court's Order with regard to MILs 11 and 12 and ignores that its position in MIL 20 is baseless and contrary to law. Intel's market and competitive positions are highly relevant and properly used in Dr. Sullivan's calculation of damages. As with Intel's objections to Dr. Sullivan's exhibits (*see* D.I. 480), Intel attempts to prevent its own financial figures from being used to calculate damages. Further, Intel goes so far as to argue that its own practicing products should be ignored, and that the word "post-notice" (despite being in the proposed jury instructions) is somehow prejudicial.

### 2. Demonstratives With References to Dr. Sullivan's Financial Summary Analyses

As with Intel's objections to Dr. Sullivan's exhibits (*see* D.I. 480), Intel attempts to exclude demonstratives that reference, cite to, or rely on financial data summarized in Dr. Sullivan's FRE 1006 Exhibits. This is improper. These summaries are not his "report"; they are 1006 summary charts. Dr. Sullivan performed calculations on voluminous financial data for the accused products.

### 3. All Demonstratives

Intel asserts that it objects to Dr. Sullivan's demonstratives to the extent they relate to Intel's pending *Daubert* motion. This objection—like the *Daubert* motion to which it refers—is without merit. As discussed in VLSI's *Daubert* briefing, Intel's renewed motion simply rehashes arguments made in its prior *Daubert* motion, all of which the Court rejected. Intel's criticisms are, at best, questions for cross-examination. Intel's disagreement about the inputs into Dr. Sullivan's model go to weight, not admissibility. Dr. Sullivan properly included transactional-level Intel sales data in his regression model. He applied those results to Intel's infringing revenues in the post-notice period. Additionally, Dr. Sullivan's updated opinion was timely, as it incorporated the updated sales data that Intel provided just six days earlier.

| | |
|---|---|
| Dated: April 13, 2021 | By:     */s/ Andy Tindel*       |

| | |
|---|---|
| Morgan Chu (*pro hac vice*) <br> Benjamin W. Hattenbach (*pro hac vice*) <br> Iian D. Jablon (*pro hac vice*) <br> Alan J. Heinrich (*pro hac vice*) <br> Ian Robert Washburn (*pro hac vice*) <br> Amy E. Proctor (*pro hac vice*) <br> Dominik Slusarczyk (*pro hac vice*) <br> Elizabeth C. Tuan (*pro hac vice*) <br> Charlotte J. Wen (*pro hac vice*) <br> Brian Weissenberg (*pro hac vice*) <br> Benjamin Monnin (*pro hac vice*) <br> Jordan Nafekh (*pro hac vice*) <br> **IRELL & MANELLA LLP** <br> 1800 Avenue of the Stars, Suite 900 <br> Los Angeles, California  90067 <br> Telephone: (310) 277-1010 <br> Facsimile: (310) 203-7199 <br> mchu@irell.com <br> bhattenbach@irell.com <br> ijablon@irell.com <br> aheinrich@irell.com <br> iwashburn@irell.com <br> aproctor@irell.com <br> dslusarczyk@irell.com <br> etuan@irell.com <br> cwen@irell.com <br> bweissenberg@irell.com <br> bmonnin@irell.com <br> jnafekh@irell.com <br><br> Michael H. Strub, Jr. (*pro hac vice*) <br> Babak Redjaian (*pro hac vice*) <br> **IRELL & MANELLA LLP** <br> 840 Newport Center Drive, Suite 400 <br> Newport Beach, California  92660 <br> Telephone: (949) 760-0991 <br> Facsimile: (949) 760-5200 <br> mstrub@irell.com <br> bredjaian@irell.com <br><br> *Attorneys for VLSI Technology LLC* | J. Mark Mann (Texas Bar No. 12926150) <br> mark@themannfirm.com <br> G. Blake Thompson (Texas Bar No. 24042033) <br> blake@themannfirm.com <br> **MANN \| TINDEL \| THOMPSON** <br> 300 W. Main Street <br> Henderson, TX 75652 <br> Telephone: (903) 657-8540 <br> Facsimile: (903) 657-6003 <br><br> Andy Tindel (Texas Bar No. 20054500) <br> atindel@andytindel.com <br> **MANN \| TINDEL \| THOMPSON** <br> 112 E. Line Street, Suite 304 <br> Tyler, Texas 75702 <br> Telephone: (903) 596-0900 <br> Facsimile: (903) 596-0909 <br><br> Craig D. Cherry (Texas Bar No. 24012419) <br> ccherry@haleyolson.com <br> **HALEY & OLSON, P.C.** <br> 100 N. Ritchie Road, Suite 200 <br> Waco, Texas 76701 <br> Telephone: (254) 776-3336 <br> Facsimile: (254) 776-6823 |

- 4 -

## **CERTIFICATE OF SERVICE**

    A true and correct copy of the foregoing instrument was served by email to all counsel of record, on this 13th day of April 2021.

                                                               /s/ *Andy Tindel*
                                                              Andy Tindel