**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>INTEL CORPORATION,<br><br>    Defendant. | Case No. 6:21-cv-00299-ADA |

**DEFENDANT INTEL CORPORATION'S RESPONSE TO
PLAINTIFF VLSI TECHNOLOGY LLC'S MOTION FOR ENTRY OF JUDGMENT**

On November 20, 2023, VLSI moved for entry of judgment and attached two proposed forms of judgment. Dkt. 642; Dkt. 642-1; Dkt. 642-2. VLSI's motion follows an April 2021 verdict in which a jury found that Intel does not infringe either U.S. Patent No. 6,633,187 ("the '187 Patent") or U.S. Patent No. 6,366,522 ("the '522 Patent") and that VLSI is entitled to no damages. Dkt. 549 at 2-3, 5. Although Intel does not oppose entry of judgment in Intel's favor, it submits this response because VLSI's motion is premature and suggests procedurally improper steps in certain respects.[1]

If the Court denies all post-trial motions, then Intel agrees with VLSI that the Court should enter final judgment of no infringement in Intel's favor. *See* Dkt. 642; *see* Dkt. 642-2. In that case, Intel proposes that the parties meet and confer on the form of final judgment after the Court denies the pending motions to ensure an orderly sequence of events.

If, however, the Court were inclined to grant any post-trial motions, then neither of VLSI's proposed judgments would be appropriate. For example, if the Court were to grant either of Intel's motions regarding invalidity or unenforceability of the asserted patents (Dkts. 599, 600), then the parties should meet and confer to propose a form of final judgment reflecting any such ruling. Or if the Court were to grant any of VLSI's post-trial motions on infringement or damages (though it should not),[2] then further proceedings on at least Intel's license defense (Dkt. 425-1) and any damages would be required. In that case, it would be premature to enter final judgment.

---

[1] VLSI's motion also did not comply with the local rules because VLSI did not give prior notice to Intel that it intended to file the motion or ask to meet and confer. *See* L.R. CV-7(g).

[2] As Intel has explained, Intel presented substantial evidence showing that the accused products do not satisfy two separate limitations for each asserted claim of each patent and thus the trial evidence was more than sufficient for the jury to reasonably find—as it did—that Intel's accused products do not infringe either patent. Dkt. 604.

Dated: December 4, 2023

OF COUNSEL:

William F. Lee (*Pro Hac Vice*)
Louis W. Tompros (*Pro Hac Vice*)
Kate Saxton (*Pro Hac Vice*)
WILMER CUTLER PICKERING HALE
  & DORR LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Email: william.lee@wilmerhale.com
Email: louis.tompros@wilmerhale.com
Email: kate.saxton@wilmerhale.com

Gregory H. Lantier (*Pro Hac Vice*)
Amanda L. Major (*Pro Hac Vice*)
WILMER CUTLER PICKERING HALE
  & DORR LLP
1875 Pennsylvania Avenue
Washington DC 20006
Tel: (202) 663-6000
Email: gregory.lantier@wilmerhale.com
Email: amanda.major@wilmerhale.com

Respectfully submitted,

*/s/ Kelly Ransom*
Kelly Ransom
Texas State Bar No. 24109427
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
Email: kelly.ransom@kellyhart.com

James E. Wren
Texas State Bar No. 22018200
1 Bear Place, Unit 97288
Waco, Texas 76798
Tel: (254) 710-7670
Email: james.wren@baylor.edu

Harry Lee Gillam, Jr.
Texas State Bar No. 07921800
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Tel: (903) 934-8450
Email: gil@gillamsmithlaw.com

*Attorneys for Intel Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on December 4, 2023.

*/s/ Kelly Ransom*
Kelly Ransom
